522 A.2d 716

In Re: Appeal of Lynch Community Homes, Inc. From the Decision of the Cheltenham Township Zoning Hearing Board. Lynch Community Homes, Inc., Appellant.

Argued December 8, 1986, before Judges MacPhail and Colins, and Senior Judge Kalish, sitting as a panel of three.

*Elias S. Cohen,* for appellant.

*Gilbert P. High, Jr., High, Swartz, Roberts & Seidel,* for appellees.

*Frank J. Laski,* with him, *Judith A. Gran,* for Amicus Curiae, Association for Retarded Citizens, Pennsylvania.

Opinion by Judge Colins, March 20, 1987:

Lynch Community Homes, Inc. (appellant) applied for a special exception under Article VI, Section 601(1) and Article I, Section 100(15) of the Cheltenham Township Zoning Ordinance (ordinance) for the purpose of operating a community living arrangement which would accommodate three retarded individuals and a supervisor in a class "R-4" residential district. A hearing was held before the Zoning Hearing Board of Cheltenham Township (Board) on May 10, 1982, at which time testi-

mony was presented and exhibits entered into evidence. On June 21, 1982, the Board entered a decision denying appellant's application. (Decision of the Cheltenham Township Hearing Board, Appeal No. 1960).

Thereafter, on July 16, 1982, appellant took a statutory appeal to the Court of Common Pleas of Montgomery County (trial court). The case then remained inactive for almost two years until March 6, 1984, when the Township of Cheltenham intervened.

On April 10, 1984, counsel representing both the intervenors and the Board (appellees) filed a praecipe for argument in the zoning appeal. Appellant failed to file a responsive brief within the thirty (30) days allowed after the filing of a praecipe for argument under Montgomery County Local Rule of Civil Procedure 302(f). Therefore, on May 30, 1984, the trial court, *sua sponte*, dismissed the appeal, choosing the most severe of the discretionary sanctions available under the local rule. Appellant then filed a motion to vacate the order of May 30, 1984. The trial court dismissed this motion, and this appeal followed.

On appeal, appellant argues that the trial court committed an error of law or an abuse of discretion in dismissing the statutory appeal pursuant to local rule 302(f). Secondarily, appellant argues that the merits of the case, if reached, indicate that the Board's decision is contrary to the law and that a special exception should have been granted.

Appellant states that local rule 302(f) violates the Pennsylvania Supreme Court's dictate in *Byard F. Brogan, Inc. v. Holmes Electric Protective Company of Philadelphia*, 501 Pa. 234, 460 A.2d 1093 (1983), that a local rule mandating the automatic dismissal of an appeal for the late filing of a brief was invalid. *See also DeAngelis v. Newman*, 501 Pa. 144, 460 A.2d 730

(1983). However, as a review of the rule indicates, local rule 302(f)[1] does not share the shortcomings of its predecessor 302(d) which was invalidated in *Brogan*. Rather, local rule 302(f) gives the trial court discretion to impose such sanction as the circumstances warrant. Therefore, this was not an automatic dismissal as was the case in *Brogan*.[2]

---

[1] Local Rule 302(f) states in pertinent part:

(f) *Briefs*. The brief of the moving party shall be filed within thirty (30) days of the date of filing of the praecipe for argument unless otherwise directed by the court. The brief of the respondent shall be filed within thirty (30) days of the date of the filing of the moving party's brief. The moving party and respondent each shall file with the court administrator one copy each of their respective briefs together with certifications of said briefs upon opposing parties. In matters subject to court en banc, two copies of the brief of each party shall be filed with the court administrator. If the brief of either the moving party or the respondent is not timely filed, the court may:

(1) Dismiss the petition, motion or preliminary objection where the moving party has failed to comply.

(2) Grant the requested relief where the respondent has failed to comply.

(3) List the matter for argument at which time only the complying party shall be heard, or

(4) Impose such other sanctions upon the noncomplying party as the court shall deem proper. No extension of time for the filing of briefs by agreement of the parties shall be permitted unless approved by the court upon written request.

[2] A local rule is invalidated if it fails to meet the requirements of Pa. R.C.P. No. 239, which sets forth the prerequisites for a valid local rule. Section (b) of Pa. R.C.P. No. 239 states that, "[l]ocal rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly." As the note to Pa. R.C.P. No. 239(b) indicates, the policy of the Supreme Court as declared in the order promulgating this rule was to implement a unified judicial system, facilitate the statewide practice of law under the Supreme Court's general rule, and promote the further policy that a general rule of

In the instant case, the trial court dismissed the appeal because it found that no excuse had been offered for appellant's failure to make a timely filing. The trial court concluded that *mere inadvertence in failing to meet a filing deadline* merited dismissal of the appeal. The trial court stated, "[i]n the absence of any showing of more than mere inadvertence of counsel, the Court was compelled to dismiss the appeal. . . ." Opinion at page 7.

Appellant has seized upon the word "compelled" to argue that this Court is faced with a local rule compelling dismissal as in *Brogan*. We do not agree. We can-

---

civil procedure will normally preempt the subject covered. It was pursuant to this provision of Pa. R.C.P. No. 239 that the Supreme Court in *Brogan* invalidated then existing local rule 302(d).

We have noted that local rule 302(f) was promulgated in order to avoid the problems in its predecessor invalidated in *Brogan*. The saving provision of local rule 302(f), *i.e.,* the fact that it contains discretionary sanctions, also serves to insulate this rule from invalidity due to violation of Pa. R.C.P. No. 239(f). This provision of Pa. R.C.P. No. 239(f) requires all local rules to conform to the requirements of Pa. R.J.A. No. 1901.

Section (c) of Pa. R.J.A. No. 1901 requires that certain minimum notice requirements must be met before terminating an action. Accordingly, section (c) states as follows:

(c) *Minimum Standards.* Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination.

. . .

In the instant case, local rule 302(f) sets forth *discretionary* sanctions (including dismissal) as opposed to a sanction of *automatic* dismissal for inactivity. This distinction establishes that local rule 302(f) does not conflict with Pa. R.J.A. No. 1901(c). *c.f. Winger v. Crowthers, Inc.,* 353 Pa. Superior Ct. 369, 510 A.2d 355 (1986); *Taylor v. Oxford Land, Inc.,* 338 Pa. Superior Ct. 609, 488 A.2d 59 (1985) (cases dealing with local rules which automatically dismiss inactive cases without complying with the thirty-day notice requirement of Pa. R.J.A. No. 1901(c)(1).

not conclude that the trial court's use of "compelled" transformed a discretionary action into a mandatory dismissal.

Appellant's stronger argument, and the argument underlying the Supreme Court's decision in *Brogan,* is that the trial court's application of local rule 302(f) violated the spirit of liberal construction set forth in Pa. R.C.P. No. 126, which states:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Put another way, the question before this Court is whether or not the trial court committed an "abuse of discretion" in dismissing this action rather than addressing the merits of the case.

Pertinent to this question is our Supreme Court's recently delivered opinion, *Feingold v. Southeastern Pennsylvania Transportation Authority,* 512 Pa. 567, 517 A.2d 1270 (1986), which echoes Justice LARSEN's statements in *Brogan* that procedural rules are not to be exalted, but are means to an end and, therefore, must be consistent with the dictates of justice. The Court in *Feingold* stated:

> This court's approach to the enforcement of procedural rules, whether local or state-wide, is dictated by the facts and circumstances in each individual case. To analyze otherwise would exalt procedural rules, which were created for efficiency and fairness, to a status far beyond their inherent power. 'It has been our policy to overlook . . . procedural errors when a party has substantially complied with the requirements of

the rule and no prejudice would result. "Procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered. They are not to be exaulted to the status of substantive objectives." '

*Id.* at 512, 517 A.2d at 1272 *(quoting Pomerantz v. Goldstein,* 479 Pa. 175, 178, 387 A.2d 1280, 1281 (1978))* (citations omitted).

In the instant case, however, there has been no substantial compliance with the requirements of the local rule. Appellant initially sought a special exception and was afforded a hearing before the Board. Appellant argued its case and lost. Thereafter, appellant took an appeal and, as the moving party, bore both the burden of production and the burden of proof in seeking to reverse the Board's decision. However, after taking this appeal, appellant took no further action for almost two years. Subsequently, the township intervened and filed a praecipe for argument. Appellant still failed to prosecute its appeal and, therefore, the trial court, in its discretion, dismissed the appeal.

The above does not indicate substantial compliance with the Rules of Civil Procedure. Therefore, *Feingold* would itself suggest that this is not a case where the dictates of justice require that the merits should be addressed.

Furthermore, this does not present the same sort of situation as was before the Court in *Feingold.* In *Feingold,* our Supreme Court concluded that a trial court had erred in refusing to permit a defendant to call a witness crucial to his case because the local rule called for all non-rebuttal or impeachment witnesses to be listed in appellant's pre-trial statement. The trial court had concluded that the witness to be called could not properly be considered a rebuttal witness. Therefore, since

he was not listed in appellant's pre-trial statment, the trial court refused to hear the witness' testimony. However, in the instant case, we are dealing with a local rule designed for the purpose of controlling the docket and providing for a rapid and just resolution of pending matters. This rule differs from a local rule which is not administrative in nature, and, thus, would have a greater impact upon the equities of the case, as in *Feingold*.

The Pennsylvania Superior Court in *Alston v. Philadelphia Electric Company*, 337 Pa. Superior Ct. 46, 486 A.2d 473 (1984), addressed itself to the question of when it is appropriate to reinstate a case which has been dismissed for failure to prosecute. This is, essentially, the same question before this Court.[3] The Superior Court in *Alston* catalogued the various instances in which the court had granted relief and concluded:

> We acknowledge that a litigant is generally held to the representation provided by his chosen counsel. There are cases where delay caused merely by counsel's neglect have resulted in the court's refusal to deprive a litigant of his day in court. . . . A *bare assertion of counsel's neglect, without more, will not mandate a second day in court*.

*Id.* at 57, 486 A.2d at 478 (citations omitted) (emphasis added).

In the instant case, appellant offered no excuse for its failure to prosecute its appeal by filing a brief as required by local rule 302(f). For this reason, the trial court reasonably found that the circumstances called for

---

[3] In the instant case, appellant's motion to vacate the dismissal was dismissed by the trial court. Appellant's appeal states that the trial court's dismissal was an abuse of discretion requiring full consideration of the merits of the case by a court of competent jurisdiction.

the most stringent sanction available and, in so doing, did not abuse its discretion.[4] Consequently, the dismissal must stand.

Since we have affirmed the trial court's dismissal due to procedural grounds, we shall not address the merits of appellant's claim. Accordingly, the trial court's dismissal of the appeal from the Board's decision is hereby affirmed.

### ORDER

AND NOW, this 20th day of March, 1987, the decision of the Court of Common Pleas of Montgomery County, dated May 30, 1984, in the above-captioned matter, is hereby affirmed.

---

[4] A lower court's ruling opening or refusing to open a cause of action will not be reversed unless there has been an error of law or a clear, manifest abuse of discretion. *Alston* at 49, 486 A.2d at 474.

An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence of record, discretion is abused. *Wingert v. Workmen's Compensation Appeal Board (Getty Refining & Marketing Co.)*, 78 Pa. Commonwealth Ct. 640, 643, 468 A.2d 526, 528 (1983).