533 A.2d 1388

**Diane L. FICHTHORN, Appellee,**

**v.**

**Robert W. FICHTHORN, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1987.

Filed Nov. 30, 1987.

Michael J. Rostolsky, Lancaster, for appellant.

James S. Sorrentino, Lancaster, for appellee.

Before McEWEN, OLSZEWSKI and DEL SOLE, JJ.

DEL SOLE, Judge:

Husband and Wife were married on June 7, 1970. The parties separated in August of 1985. Two months later, Wife filed a complaint for support and alimony pendente lite. Following a Domestic Relations Office conference, a Recommendation was filed on December 26, 1986. The Recommendation suggested, inter alia, that Husband be directed to pay $200.00 per week for spousal support, and $350.00 per week for child support. By order of court on December 29, 1986, the Recommendation was adopted by the trial court. Both parties filed exceptions to the Recom-

mendation on January 7, 1987.[1] A hearing was held on February 6, 1987 with reference to the parties' exceptions. At its conclusion, the trial court dismissed the exceptions and reaffirmed the December 29, 1986 order.[2] Husband's timely appeal to this Court followed.

By his brief, Husband raises the following issues:

(1) Whether the trial court's order was confiscatory and was an abuse of discretion;

(2) Whether the trial court erred in concluding that Wife's earning capacity was minimal in light of her refusal to seek employment; and,

(3) Whether the trial court erred in entering an order for child support when it failed to consider the contributions to support which Wife received from sources other than Husband.

Upon review of the record and the arguments advanced by both parties, we affirm.

■ Initially, Husband argues that the assessment of the support awards was based on speculations of his future earnings which were not reliable. We shall begin the analysis of the issue with our appellate scope of review. Our standard of review in support cases is limited. If a

---

1. We note that the parties' exceptions appear to have been untimely filed. Pa.R.C.P. 1910.12(e) states that exceptions to the hearing officer's report must be filed within ten days after the conclusion of the hearing. Matters not covered by the exceptions are deemed waived unless leave is granted to file exceptions raising those matters. Instantly, the Recommendation was dated December 26, 1986; however, both parties did not file their exceptions until January 7, 1987, 12 days later. Although normally we would consider the parties' issues on appeal to have been waived, we are mindful that the notice of the Recommendation which was sent to the parties stated that they had until January 9, 1987 to file exceptions. This permitted exceptions to be filed 14 days after the Recommendation. Since the parties obviously relied upon this erroneous representation, we shall excuse the tardiness inasmuch as it was due to the breakdown in the court's machinery. However, we strongly caution the Domestic Relations Office of Lancaster County that the time constraints promulgated in Rule 1910.12(e) must be strictly complied with in the future.

2. Although the Recommendation originally described the $200.00 payment as spousal support, the trial court in its February 6, 1987 order characterized it as "alimony pendente lite and support of wife".

support order is bolstered by competent evidence, the order will not be reversed absent an abuse of discretion by the trial court. *Commonwealth ex rel. Kinsey v. Kinsey,* 277 Pa.Super. 156, 419 A.2d 708, 710 (1980). This scope of review applies equally to child support and alimony pendente lite orders. *Commonwealth ex rel. Loring v. Loring,* 339 Pa.Super. 92, 488 A.2d 324, 325 (1985); *Miller v. Miller,* 352 Pa.Super. 432, 442–443, 508 A.2d 550, 555 (1986).

Husband complains that the trial court erroneously took into consideration the fact that, during the past few years, he had received substantial bonuses which were in addition to his annual salary. The record shows that Husband's gross income for the years 1984 through 1986 were $86,-842.00, $95,814.00, and $73,000.00 respectively. Husband contends that the trial court should not have considered the portion of these amounts which represent the bonuses he received since the bonuses were not guaranteed and Husband had no voice in their calculation. In addition, Husband alleges that the payment of the bonuses depended largely on the prosperity of the family-owned hat company for which he worked.

The trial court states in his opinion that the $73,000.00 figure for 1986 was comprised of a base salary of $50,-000.00 and a bonus of $23,000.00. From this it was concluded that "[g]iven the history of said bonuses, the Court believes that $73,000.00 is a realistic indication of Mr. Fichthorn's earnings". (Trial Court Opinion, 4). Husband counters by arguing that this figure was inflated and should only have included $50,000.00, which was his guaranteed salary.

■ We find no abuse of discretion was committed by the trial judge in utilizing $73,000.00 as a base figure for computing the support orders. The trial court correctly recognized and considered the fact that a trend had developed in which Husband had received substantial bonuses. We are mindful of Husband's contention that the bonuses were speculative. However, in the event that Husband's future annual incomes markedly decrease, Husband may

petition to have the support orders modified or vacated. *See Jeffery v. Jeffery*, 228 Pa.Super. 64, 296 A.2d 873, 874 (1972) (alimony pendente lite as well as maintenance and support may be modified or vacated by change in circumstances; the awards are always within the control of the trial court).

■ Next, Husband posits that the trial court erred in concluding that Wife's earning capacity was minimal when it failed to consider Wife's refusal to seek employment. From this, Husband infers that the trial court wrongfully assessed Wife's earning capacity at a low level. We disagree.

Contrary to Husband's position on the subject, the trial court did not hastily conclude that Wife could not command a substantial salary. Rather, the trial judge explained that there were various factors to be considered in projecting a spouse's earning capacity such as the party's age, health, training, time spent out of the job market, and the presence of children under care at home. Instantly, Wife quit her job as a clerk typist shortly after her marriage to Husband in 1970. She did not later reenter the job market inasmuch as she chose to stay home and care for her two daughters on a full-time basis.

The trial court recognized that Wife was attending a business school to refresh and update her secretarial skills. Thus, Wife was attributed with "some earning capacity". Without assigning a dollar value, though, the trial court stated that Wife's earning capacity was minimal, given the fact that she had not worked in the job market for 16 years and still had two children at home. Husband avers that the trial court should have taken into consideration the fact that Wife did not actively seek employment while she attended business school. However, we find no abuse of discretion on this point inasmuch as there was testimony that Wife's status as a full-time student kept her in classes from 9:00 a.m. to 3:00 p.m. weekdays. Further, Wife explained that she expended much energy and time in the care of her

children and the various activities in which the two daughters had become involved.

We are of the opinion that the trial court's observations with respect to Wife's financial predicament are supported by the record. The trial court did not discount Wife's earning potential, but merely concluded that it was severely limited: "[c]learly in the present case, there is a significant difference between the standard of living to which Mrs. Fichthorn has become accustomed and her current earning capacity". (Trial Court Opinion, 5). Finding no abuse of discretion, we shall not disturb the trial court's determination on this matter.

■ Finally, Husband contends that the trial court erred in failing to consider the contributions to the household which Wife received from Husband's father. The record shows that Wife had received funds from her father-in-law which were used to buy clothing for the children, repair Wife's car, and pay Wife's tuition bills. Husband maintains that these monies substantially decreased Wife's need for support; therefore, they should have been considered by the trial court in assessing Husband's support payments. However, there was testimony by Wife that she accepted the funds as loans which were to be repaid after she completed her education and began working. Husband points out, though, that Wife did not produce a note or other document acknowledging the debt.

On two grounds we find that no abuse of discretion was committed by the trial court. First, we are mindful that it was the trial court's prerogative to either believe or disbelieve Wife's testimony that the contributions were loans. Obviously, the trial court adopted Wife's characterization of the payments. Second, there was no testimony that Husband's father would continue to supplement Wife's income. Without some indication to that effect, the trial court would have been remiss in using these payments as a factor when calculating Husband's support obligations.

Order affirmed. Jurisdiction relinquished.