622 A.2d 992

**Eugene C. MURPHY and Carol J. Murphy, Appellants,**

**v.**

**Robert R. ARMSTRONG, Dominic La Rosa, William J. Carson, Jr. d/b/a Carson Bros., Purity–Standard, Miller & Cornell, Inc. and John N. Weiss, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 17, 1992.

Filed April 5, 1993.

Neil M. Krum, Jenkintown, for appellants.

Thomas Coval, Willow Grove, for La Rosa, appellee.

Before OLSZEWSKI, KELLY and HOFFMAN, JJ.

KELLY, Judge.

In this appeal, we are called upon to determine whether a trial court was authorized to dismiss a complaint with prejudice because the plaintiff violated a local rule by failing to file a brief in response to a defendant's demurrer. We conclude that a local rule allowing for dismissal for failure to file a brief violates the express dictates of Pennsylvania Rule of Civil Procedure 239(f). Therefore, we reverse the trial court's order which dismissed with prejudice the underlying action in this case.

On July 23, 1991, appellants filed their complaint against several defendants, including appellee.[1] Appellant alleged that the several defendants, as builders and/or sellers of appellants' new house, were responsible for damages caused by impure water. Appellants alleged that black soot in their water supply caused damage to their clothing and was unhealthy for ordinary consumption and use. They further alleged that some remedial measures had been taken, to no avail, and that proper remediation would be highly costly.

1. Appellants and appellee-LaRosa are the only parties to this appeal.

Appellee–LaRosa filed preliminary objections in the nature of a demurrer and in the nature of a motion to strike on August 12, 1991. The basis for appellee's demurrer was that he had no contractual relations with appellants and that he owed appellants no other legal duties. Appellee requested the court to dismiss appellants' complaint as to him.

On October 4, 1991, appellants filed an answer to appellee's preliminary objections. In their answer, appellants maintained that their complaint had stated a cause of action. They emphasized that their complaint had characterized appellee as a builder and repeated their assertion that he was liable for breach of contract, negligence, and fraud.

Appellee filed an argument praecipe and brief in support of his preliminary objections on November 21, 1991. Appellants did not file a responsive brief within thirty days. On January 14, 1992, the trial court concluded that appellants had violated Montgomery County Local Rule *302(f). Therefore, the court entered an order precluding appellants from participating in oral argument and directing them to file a brief in support of their position against the demurrer within twenty days. Appellants did not file a brief within twenty days of that order. On March 6, 1992, because of appellants' failure to file a brief pursuant to Montgomery County R.Civ.P. *302(f), the court sustained appellee's preliminary objections and dismissed appellants' complaint without leave to amend. This timely appeal followed.[2]

On appeal, appellants present the following questions:

1. DID THE COURT BELOW COMMIT REVERSIBLE ERROR BY DISMISSING PLAINTIFFS' COMPLAINT WITHOUT LEAVE TO AMEND, FOR FAILURE TO COMPLY WITH A LOCAL RULE?

**2.** Although the court dated the order on March 6, 1992, it was not filed until March 9, 1992. Therefore, appellant's appeal on April 6, 1992 was timely. *See* 42 Pa.C.S.A. § 5571(a) (providing that time limit for appeals is by rule); Pa.R.App.P. 903(a) (appeal "shall be filed within thirty days after the entry of the order from which the appeal is taken"); Pa.R.A.P. 108(b) (date of entry is when clerk makes notation in docket that notice of entry of the order has been given to all parties). *See also Yeaple v. Yeaple,* 485 Pa. 399, 403, 402 A.2d 1022, 1024 (1979); *Speight v. Burens,* 371 Pa.Super. 478, 481 n. 3, 538 A.2d 542, 543 n. 3 (1988).

2. DID THE COURT BELOW COMMIT REVERSIBLE ERROR BY SUSTAINING THE PRELIMINARY OBJECTIONS OF DOMINIC LaROSA, AND DISMISSING PLAINTIFFS' COMPLAINT WITHOUT LEAVE TO AMEND, WITHOUT CONSIDERATION OF PLAINTIFFS' COMPLAINT AND ANSWER TO PRELIMINARY OBJECTIONS?

Appellants' Brief at 3. Appellants argue that Pennsylvania Rule of Civil Procedure 239(f) is directly on point and that it precludes dismissal based upon their failure to comply with a local court rule. In response, appellee maintains that a Commonwealth Court decision, *Appeal of Lynch Community Homes, Inc.*, 105 Pa.Cmwlth. 29, 522 A.2d 716 (1987), which has upheld Montgomery County R.Civ.P. *302(f), applies in this case. For the following reasons, we agree with appellants that Pa.R.Civ.P. 239(f) controls the outcome of the instant appeal.

Courts of common pleas "possess authority to make rules for the operation of their own court system as long as such rules are not contrary to those promulgated by the Pennsylvania Supreme Court." *Miller v. Hild,* 303 Pa.Super. 332, 334, 449 A.2d 714, 715 (1982), *citing* 42 Pa.C.S.A. § 323 and *Mikita v. Bailey Homes, Inc.,* 265 Pa.Super. 399, 401 A.2d 1367 (1979). *See also* Pa.R.Civ.P. 239(b)(1) ("Local rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly.").

Our Supreme Court has promulgated the following rule of civil procedure, which applies to all courts of common pleas:

No civil action or proceeding shall be dismissed for failure to comply with a local rule other than one promulgated under Rule of Judicial Administration 1901.

Pa.R.Civ.P. 239(f).[3] This rule is to be interpreted in order to effectuate the intention of our Supreme Court, Pa.R.Civ.P.

**3.** *See also Davison v. John W. Harper, Inc.,* 342 Pa.Super. 560, 566, 493 A.2d 732, 735–36 (1985) (noting that Rule 239(f) prevents the dismissal of actions for noncompliance with local rules not in conformity with Pa.R.J.A. 1901); *City of Philadelphia v. Silverman,* 91 Pa.Cmwlth. 451, 497 A.2d 689 (1985) (Rule 239(f) bars dismissal for noncompliance with local rule).

127(a), and the words used "shall be construed according to rules of grammar and according to their common and approved usage." Pa.R.Civ.P. 103(a). Furthermore, the rules shall be justly applied to avoid affecting substantial rights merely because of a procedural default. Pa.R.Civ.P. 126.

Notwithstanding Pennsylvania Rule of Civil Procedure 239(f), Montgomery County has provided the following local rule of court.

### Rule *302. Argument Court–Appealable Matters.

**(f) Briefs.** The brief of the moving party shall be filed within thirty (30) days of the date of filing of the praecipe for argument unless otherwise directed by the judge assigned to the case. The brief of the respondent shall be filed within thirty (30) days of the date of the filing of the moving party's brief. The moving party and the respondent each shall file with the court administrator one copy each of their respective briefs together with certification of said briefs upon opposing parties. In matters subject to court *en banc,* two copies of the brief of each party shall be filed with the court administrator. If the brief of either the moving party or the respondent is not timely filed, the judge assigned to the case may:

(1) Dismiss the petition, motion or preliminary objection where the moving party has failed to comply.

(2) *Grant the requested relief where the respondent has failed to comply.*

(3) List the matter for argument at which time only the complying party shall be heard, or

(4) Impose such other sanctions upon the noncomplying party as the judge assigned to the case shall deem proper. No extension of time for the filing of briefs by agreement of the parties shall be permitted unless approved by the judge assigned to the case upon written request.

(emphasis added). In the instant case, the trial court granted the relief which appellee sought, *i.e.,* dismissal of appellants' complaint as to him, pursuant to *302(f)(2) (court may grant requested relief where respondent failed to comply). Such a dismissal pursuant to a local rule violates Pennsylvania Rule of

Civil Procedure 239(f), which proscribes the dismissal of an action for noncompliance with a local rule. The sanction of dismissal for noncompliance with Montgomery County R.Civ.P. *302(f) is unauthorized,[4] Pa.R.Civ.P. 239(f), and therefore, has no legal effect. A dismissal pursuant to that local rule is null.

Appellee's reliance on *Appeal of Lynch Community Homes, Inc.*, 105 Pa.Cmwlth. 29, 522 A.2d 716 (1987) is misplaced. In *Appeal of Lynch Community Homes, supra*, the appellate court was presented with "the question of when it is appropriate to reinstate a case which has been dismissed for failure to prosecute." *Id.* at 36, 522 A.2d at 719, *citing Alston v. Philadelphia Elect. Co.*, 337 Pa.Super. 46, 486 A.2d 473 (1984). The lower court had dismissed the action because the appellant therein had failed to free the case, by filing a responsive brief, from nearly two years of inactivity. Accordingly, the Commonwealth Court noted that its application of the local rule in that case did not violate Pennsylvania Rule of Civil Procedure 239(f) because, as applied, the local rule allowed dismissal of an inactive case pursuant to Pennsylvania Rule of Judicial Administration 1901. *Id.* at 32 n. 2, 522 A.2d at 717–18 n. 2.[5] For the following reasons, the application of Montgomery County Local Rule *302(f) to stale, inactive cases is limited to the facts and procedural posture of *Appeal of Lynch Community Homes, Inc., supra*.

Rule 239(f) proscribes dismissal of an action pursuant to a local court rule unless the rule was "promulgated under Rule

4. The Pennsylvania Rules of Civil Procedure do not mandate that a brief be submitted to support an answer to preliminary objections. Indeed, a party must file an answer to preliminary objections "only when the preliminary objection alleges facts not of record." Pa. R.Civ.P. 1017(a), (Note), *citing* Pa.R.Civ.P. 1028(c)(2), (Note).

5. The cases relied upon in *Appeal of Lynch Community Homes, Inc., supra*, enforced local rules which were specifically promulgated to dismiss *inactive cases. See Winger v. Crowthers, Inc.*, 353 Pa.Super. 369, 510 A.2d 355 (1986) (review of trial court's dismissal pursuant to Chester County Rule of Civil Procedure 214.4); *Taylor v. Oxford Land, Inc.*, 338 Pa.Super. 609, 488 A.2d 59 (1985), *affirmed per curiam*, 513 Pa. 34, 518 A.2d 808 (1986) (reviewing trial court's termination of action pursuant to Allegheny County Rule of Civil Procedure 229(e)).

of Judicial Administration 1901." Rule 1901 of the Pennsylvania Rules of Judicial Administration provides:

### RULE 1901. PROMPT DISPOSITION OF MATTERS; TERMINATION OF INACTIVE CASES

**(a) General Policy.** It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.

\* \* \* \* \* \*

**(c) Minimum Standards.** Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination, which notice shall be given:

(1) In person or by mail to the last address of record of the parties or their counsel of record and setting forth a brief identification of the matter to be terminated; or

(2) By publication in the manner provided by rule of court in the legal newspaper designated by rule of court for the publication of legal notices in any case where notice by mail cannot be given or has been returned undelivered or where the docket of the matter shows no evidence of activity during the previous two years. Any matter terminated after notice by publication pursuant to this paragraph may be reinstated by the court after dismissal upon written application for good cause shown.

Therefore, this rule of judicial administration was promulgated to allow courts of common pleas to devise processes to dispose of stale, inactive cases. *See* Pa.R.J.A. 1901 (Note). Moreover, the note accompanying Rule 1901 suggested a form of local rule for the courts of common pleas to adopt. *Id.*

Montgomery County has adopted a rule specifically for this purpose. Its Rule *406 provides:

### Rule *406.  Termination of Inactive Cases.

A.  The prothonotary shall annually prepare a list of all civil cases commenced in which no activity appears on the docket for two years or more immediately prior thereto. He shall give notice thereof to counsel of record and to the parties for whom no appearance has been entered that said cases shall be marked terminated on the docket unless an Activity Status Certificate is filed with the prothonotary within thirty (30) days after service of the said notice by mail, in person or by publication on counsel of record and to those parties for whom no appearance has been entered.  Said cases shall be marked terminated on the docket unless an Activity Status Certificate is filed with the prothonotary within such time.  All matters so terminated may not be reinstated except with leave of court, for cause shown.

A comparison between Montgomery County Rule of Civil Procedure *406 and *302(f) indicates that only Rule *406 was promulgated pursuant to Rule of Judicial Administration 1901, while the rule at issue, Rule *302(f), is related to the filing of briefs for arguments before the court.  Therefore, a dismissal pursuant to Montgomery County Rule of Civil Procedure *302(f) is not authorized under Pennsylvania Rule of Civil Procedure 239(f)'s exception for dismissal for inactive cases.

Both parties cite *Byard F. Brogan, Inc. v. Holmes Elect. Prot. Co.*, 501 Pa. 234, 460 A.2d 1093 (1983) [*Brogan*] in support of their arguments.  *Brogan* was decided on May 27, 1983 before Pa.R.Civ.P. 239(f) became effective on July 1, 1983.  Therefore, when the Pennsylvania Supreme Court decided *Brogan* and struck down a prior version of Montgomery County's local rule allowing for automatic dismissal for failure to file a brief, it decided whether the local rule was contrary to the Pennsylvania Rules *generally*.  *See id.* at 242, 460 A.2d at 1097 ("We hold that the mandatory strict enforcement required by [Montgomery County Local] Rule 302(d) is inconsistent with the Pennsylvania Rules of Civil Procedure and the fairness mandated by Rule 126.").  Likewise, the Supreme

Court did not decide whether the local rule violated a state-wide rule specifically proscribing dismissal by local rule.

Although *Brogan* held that a court must exercise its discretion in determining whether to dismiss an action for the party's failure to comply with a local rule requiring the filing of a brief, the Supreme Court's more recent pronouncement, in the form of Rule 239(f), which became effective less than two months after the *Brogan* decision,[6] strictly prohibits the dismissal of cases for noncompliance with local rules. This stricter, later Supreme Court action prevails. Pursuant to Rule 239(f), as opposed to *Brogan*, a local rule may not provide for dismissal (except for dismissal of inactive cases), even if dismissal is said to be discretionary as opposed to automatic.[7]

We hold that the trial court erred in dismissing appellants' complaint with prejudice, because the dismissal pursuant to Montgomery County Rule of Civil Procedure *302(f) violates Pennsylvania Rule of Civil Procedure 239(f). Accordingly, we reverse the trial court's order dismissing appellants' complaint with prejudice and remand to the trial court for proceedings not inconsistent with this opinion.[8]

Order reversed. Case remanded. Jurisdiction relinquished.

---

6. The companion case to *Brogan, DeAngelis v. Newman,* 501 Pa. 144, 460 A.2d 730 (1983), was also decided on May 27, 1983, before Pa.R.Civ.P. 239(f) became effective.

7. We note that a panel of this Court has followed the *Brogan* decision in a case decided shortly after Rule 239(f) became effective. *See Ricci v. Ricci,* 318 Pa.Super. 445, 465 A.2d 38 (1983). However, in *Ricci,* the court did not discuss and the parties did not argue the application of Rule 239.

8. Due to our disposition of appellant's first question, the issue of whether the trial court abused its discretion in applying a valid local rule is moot.