665 A.2d 1283

Sarah L. EVERHARDT, Appellee,

v.

Clayton H. AKERLEY, Appellant.

Superior Court of Pennsylvania.

Submitted April 5, 1995.

Filed Oct. 6, 1995.

602

Samuel A. Kline, Lebanon, for appellee.

Before CAVANAUGH, McEWEN and DEL SOLE, JJ.

CAVANAUGH, Judge:

This is an appeal from an Order dismissing appellant, Clayton H. Akerley's exceptions to a recommended support order. Appellant proffers three arguments on appeal: 1) the late filing of exceptions was caused by his reliance upon erroneous information provided him by the Lebanon County Court of Common Pleas' Domestic Relations Office; 2) a local rule allowing the court to rule on his exceptions without conducting a hearing violates Pa.R.C.P. 1910.12(g); and 3), the same local rule which permitted the court to dismiss his exceptions for failing to file a timely brief violates Pa.R.C.P. 239(f). After careful review, and for the reasons which follow, we reverse.

In March of 1994, Appellee Sarah L. Everhardt, instituted a modification of support proceeding for the party's minor child. As a result of hearing held on June 3, 1994, the Domestic Relations Hearing Officer recommended an increase of the

Appellant's support obligation. Appellee was not present at this hearing, and appellant appeared but was not represented by counsel. Both parties were given notices by the Domestic Relations Office indicating that exceptions were to be filed within thirty (30) days of the Hearing Officer's recommendation. The notice set July 5, 1994 as the final day of thirty (30) day filing period.

After retaining counsel Appellant timely filed his exceptions to the recommendations of the Domestic Relations Hearing Officer on July 5, 1994. On July 6, 1994, the Court's Domestic Relations section entered a Temporary Support Order and sent the parties a briefing schedule arranged pursuant to Lebanon County Local Rule 7. According to the schedule the appellant's brief was to be filed no later than July 25, 1994, the appellee's brief was to be filed on August 4, 1994, and pursuant to the forty-five (45) day rule specified in Pa.R.C.P. 1910.12(g) the matter had to be decided before August 22, 1994.

Since appellant's counsel did not represent him at the support hearing, a transcript request was filed upon the trial court stenographer on July 6, 1994. Instead of filing a brief on July 25, 1994, appellant filed a Motion to Postpone Briefing Schedule because a transcript of the support hearing had yet to be filed with the Court. The motion was returned to appellant with a note from the Court advising him to consult Lebanon County Court of Common Pleas Administrative Order No. 1–93. This Administrative Order directs that all waivers of the forty-five (45) day rule must be signed by the parties and attorneys of record to be valid. On August 3, 1994 the Court dismissed appellant's exceptions because of his failure to file a brief by the July 25th deadline required by Local Rule 7.

On August 8, 1994 appellant filed a brief in support of his exceptions, without notice or knowledge that the trial court had already dismissed the exceptions on August 8, 1994. The brief was filed in time for the Court to render a decision before the expiration of the forty-five (45) day rule which ended August 22, 1995. Pa.R.C.P. Rule 1910.12(g). On Au-

gust 11, 1994 the Court denied the Appellants request to consider his brief. This appeal followed.

 Appellant argues that every action taken to file his exceptions was in conformity with the procedure required by the Lebanon County Court of Common Pleas and its Domestic Relations Section. The Appellant further argues that any lateness on his part was caused by his reliance upon erroneous information provided him by the Lebanon County Court of Common Pleas' Domestic Relations Office. The Domestic Relations Office sent appellant (and appellee), a letter which stated:

> If you plan to file exceptions, you must do so ... within thirty (30) days ... Your last date for filing exceptions is July 5, 1994.

A postscript added, "Please note the prior letter gave the wrong date by which to file exceptions—the date on this letter is correct." It is undisputed that appellant adhered to the filing deadline provided for in the letter and did, in fact, file his exceptions to the DRHO's recommendations on July 5, 1994. The information appellant received in the letter, however, was inaccurate. Pursuant to Pa.R.C.P. 1910.12(e), exceptions must be filed within ten (10) days of the date of the DRHO's report, not within thirty days thereafter as provided in the letter.

We believe that appellant's tardiness should be excused since it occurred in reliance on inaccurate information generated by the court's Domestic Relations Office. Our belief is buttressed by this Court's reasoning in *Fichthorn v. Fichthorn*, 368 Pa.Super. 305, 533 A.2d 1388 (1987), where in a factually similar situation this Court stated:

> We note that the parties' exceptions appear to have been untimely filed. Pa.R.C.P. 1910.12(e) states that exceptions to the hearing officer's report must be filed within ten days after the conclusion of the hearing. Matters not covered by the exceptions are deemed waived unless leave is granted to file exceptions raising those matters. Instantly, the Recommendation was dated December 26, 1986; however, both

parties did not file their exceptions until January 7, 1987, 12 days later. Although normally we would consider the parties' issues on appeal to have been waived, we are mindful that the notice of the Recommendation which was sent to the parties stated that they had until January 9, 1987 to file exceptions. This permitted exceptions to be filed 14 days after the Recommendation. Since the parties obviously relied upon this erroneous representation, we shall excuse the tardiness inasmuch as it was due to the breakdown in the court's machinery. However, we strongly caution the Domestic Relations Office of Lancaster County that the time constraints promulgated in Rule 1910.12(e) must be strictly complied with in the future.

*Id.*, at 307, n. 1, 533 A.2d at 1388, n. 1.

The "breakdown in the court's machinery" which occurred in Lancaster County in *Fichthorn*, has instantly re-emerged in Lebanon County, and is again in need of correction. Appellant's exceptions, therefore, should not be dismissed. Rather, the Lebanon County Domestic Relations Office should be cautioned to consider the time constraints promulgated in Rule 1910.12(e).

■ The second issue raised by the appellant is that it was improper for the court to rule on his exceptions without conducting a hearing. Appellant alleges that Lebanon County's Local Rule 7, which allows exceptions to be decided by the court on briefs only, conflicts with Pa.R.C.P. 1910.12(g), which requires the court to hear argument on exceptions.[1] It is axiomatic that "if a local rule conflicts with a statewide rule of

---

1. Local Rule 7 provides in pertinent part:
 D. Default.
 1. All cases on the argument list *shall be* determined to have been *submitted* to the court for disposition *on the briefs* unless a party serves upon the prothonotary and opposing counsel, a written demand for oral argument not less than ten (10) days prior to argument court.
 *Id.* (emphasis added).
 However, Pa.R.C.P. 1910.12(g) provides:
 If exceptions are filed, ... [t]he court *shall* hear argument on the exceptions ...
 *Id.* (emphasis added).

civil procedure, the local rule is invalid." *Rieser v. Glukow-sky*, 435 Pa.Super. 530, 541, 646 A.2d 1221, 1226 (1994). *See also Murphy v. Armstrong*, 424 Pa.Super. 424, 429, 622 A.2d 992, 995 (1993); *Stock v. Arnott*, 415 Pa.Super. 113, 120, 608 A.2d 552, 555 (1992); *Nuttall v. Nuttall*, 361 Pa.Super. 320, 324, 522 A.2d 603, 604 (1987). In the case *sub judice*, the lower court, contrary to the statewide rules, dismissed appellant's exceptions without hearing oral argument on the matter. Therefore, since the rules in question are in facial conflict we believe the statewide rule of civil procedure must govern and the local rule invalidated to the extent that it is in conflict with 1910.12(g).[2]

█ The third argument appellant raises is that the court's decision to dismiss his exceptions based on his failure to file a brief violates Pa.R.C.P. 239(f). This rule precludes a trial court from dismissing a proceeding based on a party's failure to comply with a local rule. Pa.R.C.P. No. 239(f). Again Lebanon County Rule 7 is at issue. In addition to setting the briefing deadlines, Rule 7 permits a judge to dismiss an action if the deadlines are not met.

Lebanon County Rule 7 captioned "Argument Court. Listing and Procedure", provides in pertinent part:

C. Briefs.

1. In all matters listed for argument, the proponent shall file ... copies of the brief with the Prothonotary or Clerk of Court ... at least fifteen (15) days before the date fixed for argument court.

2. The opponent shall file ... [a] brief at least five days before the date fixed for argument

D. Default.

2. Upon submission of a written demand for oral argument:

2. Although we find Local Rule 7 incompatible with Pa.R.C.P. 1910.12(g), Rule 7 would appear to be acceptable if the presumption was for oral argument, as opposed to disposition merely on the briefs. The rule, if the lower court so chooses, could provide for waiver of argument upon stipulation by the parties.

(a) If the proponent has not filed a brief pursuant to the proceeding rule of the court, the matter may be dismissed as of course, or the Court may direct other appropriate action.

In contrast Pa.R.Civ.P. 239(f) which controls over any inconsistent local rule provides:

No civil action or proceeding shall be dismissed for failure to comply with a local rule other than one promulgated under Rule of Judicial Administration 1901.

Rule 1901 of the Pennsylvania Rules of Judicial Administration provides in pertinent part:

RULE 1901. PROMPT DISPOSITION OF MATTERS; TERMINATION OF INACTIVE CASES

(a) General Policy. It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.

(c) Minimum Standards. Before any order terminating a matter on the ground of unreasonably inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on a proposed termination ...

This rule of judicial administration was promulgated to foster the elimination of stale cases from the judicial system. *See* Pa.R.J.A. 1901 (Note). Since this case was not "inactive for an unreasonable period of time", the trial courts dismissal cannot be justified on the basis of Pa.R.J.A. No. 1901. The appellant failed to file his brief at least fifteen (15) days prior to the argument date as required under Local Rule 7. Consequently, the court, using its discretion under Local Rule 7, dismissed his exceptions to a recommended support order, and denied consideration of his brief in support thereof. The court's dismissal pursuant to Local Rule 7 was contrary to Pennsylvania Rule of Civil Procedure 239(f). The language of

Rule 239(f) is undeniably clear when it states "No action or proceeding shall be dismissed for failure to comply with a local rule. . . ." Pa.R.C.P. 239(f).

We note that our courts had upheld Local Rules such as Rule 7 which afford to the trial judge discretion in determining whether a case is to be dismissed for failure to file a timely brief. This was specifically addressed by the Supreme Court in *Byard F. Brogan, Inc. v. Holmes Electric Protective Co.,* 501 Pa. 234, 460 A.2d 1093 (1983), wherein the court struck down a Montgomery County local rule that *mandated* an automatic dismissal for failure to file a brief.

In *Brogan,* the Supreme Court implicitly held that a trial court must exercise discretion before dismissing an action based on a failure to comply with a local rule requiring the filing of a brief. *Id.* at 242, 460 A.2d at 1097. However, since *Brogan* was decided before Pa.R.C.P. 239(f) was enacted, the Supreme Court only considered whether the local rule was contrary to the general policy of Pa.R.C.P. No. 126.[3] *Id.*

Shortly after the *Brogan* decision, the Supreme Court promulgated Pa.R.Civ.P. No. 239(f) which specifically addressed dismissal of cases pursuant to local rules. This Court interpreted Rule 239(f) to be a stricter standard than *Brogan* and, in effect precluding dismissal of any case based on a violation of a local rule, regardless of a court's use of discretion (except inactive cases under Pa.R.J.A. No. 1901). *Murphy v. Armstrong,* 424 Pa.Super. 424, 432, 622 A.2d 992, 996–97.

In *Armstrong,* the trial court sustained defendant's preliminary objections and dismissed plaintiff's complaint because plaintiff failed to file a brief pursuant to a local rule of civil procedure. We held that the Supreme Court's promulgation of 239(f) went further than *Brogan,* and made it clear that

**3.** Rule 126. Liberal Construction and Application of Rules

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Adopted May 1, 1939, effective Nov. 6, 1939. Amended and effective April 18, 1975.

"[t]he sanction of dismissal for noncompliance with ... [a local rule] ... is unauthorized ... and therefore has no legal effect". *Armstrong* at 429, 622 A.2d at 995. We stated:

> Although *Brogan* held that a court must exercise its discretion in determining whether to dismiss an action to the party's failure to comply with a local rule requiring the filing of a brief, the Supreme Court's more recent pronouncement, in the form of Rule 239(f), which became effective less than 2 months after the *Brogan* decision, strictly prohibits the dismissal of cases for noncompliance with local rules. This stricter, later Supreme Court action prevails. Pursuant to Rule 239(f), as opposed to *Brogan,* a local rule may not provide for dismissal (except for dismissal of inactive cases), even if dismissal is said to be discretionary as opposed to automatic.

*Armstrong,* at 432, 622 A.2d at 996–997. In the case *sub judice,* the trial court erred in dismissing appellant's exceptions and subsequent brief in support thereof, because the dismissal pursuant to Lebanon County Rule 7 contravenes Pennsylvania Rule of Civil Procedure 239(f).

Having reviewed the issues raised, and having found: the exceptions to be timely filed; that the court erred in not holding a hearing; and erred dismissing exceptions because of an untimely brief; we reverse, and remand for disposition of the exceptions *nunc pro tunc.*

Order reversed. Case remanded. Jurisdiction relinquished.