Regis C. **MURPHY**, Appellant,

v.

Linda **MURPHY**, Appellee.

Superior Court of Pennsylvania.

Argued Jan. 27, 1998.

Filed Aug. 4, 1998.

Jesse L. Katz, Pittsburgh, for appellant.

Arnold H. Cantor (submitted), Pittsburgh, for appellee.

Before DEL SOLE, HUDOCK and ORIE MELVIN, JJ.

DEL SOLE, Judge:

This appeal is from an order dismissing Husband's exceptions and entering the Master's Report and Recommendation as a final order in a divorce action. We vacate the order and remand for further proceedings.

Appellant (Husband) filed a complaint in divorce which requested equitable distribution of marital property and related economic relief. The court appointed a master and hearings were held before the master on the economic issues. The master's report and recommendation was filed on May 3, 1995, and Husband filed timely exceptions on May 15, 1995. The transcript was filed on November 1, 1995. On May 15, 1996, Wife presented a motion to dismiss exceptions and the court entered the order presently under review.

On appeal, Husband raises three issues:

1.  The trial court erred in dismissing Husband's exceptions when Husband was in the midst of a bankruptcy proceeding.

2.  The trial court should have determined if Wife was prejudiced by the delay or if Husband had good cause for the delay before dismissing the exceptions.

3.  The court erred in dismissing the exceptions without providing Husband an opportunity to brief and argue the merits of his exceptions.

Husband first argues that the order, and Wife's motion to dismiss, were in violation of the automatic stay provisions of the Bankruptcy Act, that Wife's actions put her in contempt of the Bankruptcy Court, and that both Wife and the trial court had knowledge of Husband's filing of a bankruptcy petition. Husband has not, however, seen fit to place this fact on the record or provide either this court or the trial court with any record notice that he had filed a bankruptcy

petition. Husband was served with a copy of the motion before it was presented and had both the opportunity and obligation to serve the trial court with notice of his bankruptcy petition and automatic stay. He did not do so and cannot now expect relief based on a "fact" which is not of record. *Commonwealth v. Rini*, 285 Pa.Super. 475, 427 A.2d 1385 (1981).

■ Husband next contends that the court's reliance on Allegheny County Administrative Order of Court, No. 201 of 1995, was improper as that order is in conflict with Pa.R.Civ.P. 239. We are constrained to agree with Husband on this point and therefore must vacate the order and remand the case for further proceedings.

Rule 239 provides that no proceeding may be dismissed for failure to comply with a local rule other than one promulgated under Rule of Judicial Administration 1901, which requires at least 30 days written notice of opportunity for a hearing on termination. The administrative order relied on here provides that "Failure to comply with this Administrative Order will result in the automatic termination of exceptions..."

In *Everhardt v. Akerley*, 445 Pa.Super. 600, 665 A.2d 1283 (1995), the appellant's exceptions to a support order were dismissed based on his failure to file a brief pursuant to Lebanon County Rule 7. We found that rule to be in direct conflict with Rule 239 and reversed the dismissal order. Similarly, in *Murphy v. Armstrong*, 424 Pa.Super. 424, 622 A.2d 992 (1993), we reversed an order dismissing a complaint because the plaintiff failed to file a brief in response to preliminary objections. We held that dismissal for noncompliance with Montgomery County Rule of Civil Procedure *302(f) was unauthorized by Pa.R.Civ.P. 239 and could not be upheld.

The Administrative Order relied on here is similarly invalid as it conflicts with Rule 239. We must therefore vacate the order dismissing Appellant's exceptions and remand so the trial court can hear argument on the exceptions in accordance with Pa.R.Civ.P.1920.55-2(c).

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

ORIE MELVIN, J., files a Dissenting Opinion.

ORIE MELVIN, Judge, dissenting:

I respectfully dissent from the majority's decision to vacate the order dismissing Husband's exceptions. For the reasons that follow, I believe that the trial court did not err in dismissing the exceptions.

Initially, I note that the certified record reveals that a hearing was held before a Master on April 10 and 11, 1995. The Master entered her Report and Recommendation on the issues of equitable distribution and economic matters on May 3, 1995. Husband timely filed exceptions on May 15, 1995. The hearing transcript was filed November 1, 1995. Although the fact that Husband filed for bankruptcy is not included in the certified record and he failed to notify the trial court of the bankruptcy, both parties agree that Husband filed for bankruptcy on or about January 3, 1996. On May 15, 1996 a full year after Husband filed his exceptions and six months after his brief was due, Wife filed a motion to dismiss. The trial court granted her motion to dismiss based on the fact that Husband did not comply with the local rule requiring him to file a brief in support of his exceptions within twenty days of the transcript being filed.

Specifically, the local rule in Allegheny County provides in relevant part:

. . .

5. Exceptant shall file a brief in support of exceptions within 20 days after the filing of the Record, . . .

. . .

10. Failure to comply with this Administrative Order will result in the automatic termination of exceptions or cross-exceptions on the grounds of either unreasonable activity or failure to comply with rules of court. Any exception terminated on such grounds shall not be reinstated except upon petition to this court for good cause shown.

Allegheny County Administrative Order of Court, No. 201 of 1995.

Pursuant to this Rule, Husband's brief in support of his exceptions should have been filed by November 21, 1995. However, Husband not only did not file a supporting brief within the requisite time period, he also has never filed a supporting brief. Further, Husband never attempted to offer "good cause" to the trial court to warrant reinstatement of his exceptions.

The majority finds that the above-cited local rule is in conflict with Pa. R. Civ. Pro. 239. As correctly pointed out by the majority, that rule, in subsection (f), provides that no civil action or proceeding shall be dismissed for failure to comply with a local rule other than one promulgated under Rule of Judicial Administration 1901. Rule of Judicial Administration 1901 directs each court of common pleas to provide by local rule for the termination of matters which have been inactive for an unreasonable period of time. I would find that Husband permitted his case to be inactive for an unreasonable period of time, especially in light of the fact that he filed bankruptcy in the interim and to the detriment of Wife. We should not permit Husband to reap the benefit of a situation over which he had total control and in fact created.[1]

The majority relies upon a decision by another panel of this Court, *Everhardt v. Akerley*, 445 Pa.Super. 600, 665 A.2d 1283 (1995)[2] in which our Court found a similar local rule from Lebanon County to be invalid when in conflict with Rule 239. However, I believe the decision in *Everhardt* is distinguishable. Specifically, in *Everhardt*, the brief, albeit not timely, was filed within a reasonable time, and there was a valid explanation for its untimeliness. In the case presently before us, as mentioned above, Husband to date still has not filed a brief in support of his exceptions and never provided

to the trial court good cause for why his exceptions should not have been dismissed. The facts in *Everhardt* required us to be sympathetic and overrule the trial court. However, I do not find any reason to provide Husband in the case presently before us with similar latitude.

For all of the foregoing reasons, I respectfully dissent.

---

1. Although Husband's second issue was not addressed in the majority opinion, I would find that the trial court did not err in not determining if Wife was prejudiced by the delay or if Husband had good cause for the delay before dismissing the exceptions. Husband had the right to raise this issue at the trial court level before taking his appeal. Since he failed to afford himself of this

opportunity as set forth in the local rule, I would find no basis for faulting the trial court.

2. I recognize that the majority also relies upon *Murphy v. Armstrong*, 424 Pa.Super. 424, 622 A.2d 992 (1993). However the facts before the court in *Murphy* are not analogous to the facts in the present case.