Timothy W. DELCAMP, Appellee,

v.

**Lori J. DELCAMP, Appellant.**

Superior Court of Pennsylvania.

Argued April 12, 2005.

Filed Aug. 2, 2005.

Barbara H. Beringer, Wyomissing, for appellant.

James E. Sher, Kutztown, for appellee.

Before: DEL SOLE, P.J., JOYCE and KLEIN, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 Lori Delcamp ("Wife") appeals the order of court entering a divorce decree following the dismissal of her exceptions to the recommendations of the special master in divorce. We affirm.

¶ 2 Timothy Delcamp ("Husband") filed a complaint in divorce. Wife responded and raised various economic claims, including alimony, equitable distribution of the marital estate, and counsel fees. To resolve all issues, the parties agreed to the appointment of a special master in divorce. The special master issued a report after a hearing on these issues. Wife filed exceptions, and a week later Husband filed exceptions. Approximately two weeks later, Husband filed a petition seeking the dismissal of Wife's exceptions for failure to comply with Berks County Rule of Civil

Procedure 1920.55.[1] Following a hearing, Husband's petition was granted and Wife's exceptions were dismissed. Husband then withdrew his exceptions, the trial court entered an order based upon the special master's recommendations and subsequently entered a divorce decree. Wife now appeals. Conceding that she did not comply with Rule 1920.55, she presently challenges the propriety of this rule in light of the Pennsylvania Rules of Civil Procedure.

¶ 3 Wife argues that Rule 1920.55 requires the dismissal of an action upon the failure of a party to comply with its terms, and that this conflicts with Pennsylvania Rule of Civil Procedure 239(f).[2] We do not read the rule in such a way.

¶ 4 Rule 1920.55 requires that an excepting party "shall within ten (10) days" arrange for and pay for a transcript of the proceeding from which exceptions are being taken. Berks County Rule of Civil Procedure 1920.55. It does not, however, require the automatic dismissal of an action for failure to comply with this provision. First, it gives the court discretion to extend, upon motion, the time in which the transcript may be filed. Secondly, this rule does not provide for the automatic dismissal of an action, but requires that a party file a motion for dismissal before such action can occur. Therefore, we find that it does not run afoul of Pennsylvania Rule of Civil Procedure 239(f).

¶ 5 We also note that the rule implicated here addresses the filing of a transcript.

The cases Wife cites in support of her position involve the dismissal of an action for failure of a party to file a brief. *See Murphy v. Murphy,* 715 A.2d 477 (Pa.Super.1998); *Everhardt v. Akerley,* 445 Pa.Super. 600, 665 A.2d 1283 (1995); *Murphy v. Armstrong,* 424 Pa.Super. 424, 622 A.2d 992 (1993). A transcript, containing a record of the proceedings in a matter, is vital to review; a brief, containing legal argument, is not. An effective review is not possible until a transcript is obtained, and thus the potential sanction of dismissal for failure to do so in a timely manner is not improper. As we stated in *Ferrante v. Ferrante,* 791 A.2d 399 (Pa.Super.2002), the local rule "facilitates the efficient administration of justice by enabling the trial court to 'insure that matters before the court are disposed of expeditiously.'" *Ferrante,* 791 A.2d at 402–03 (Pa.Super.2002) (citing *DeFazio v. Labe,* 518 Pa. 390, 543 A.2d 540 (1988)).

¶ 6 For these reasons, we find that Berks County Rule of Civil Procedure 1920.55 does not violate Pennsylvania Rule of Civil Procedure 239(f).

¶ 7 Order affirmed.

1. Berks County Rule 1920.55 provides, in relevant part, "If exceptions are filed to the report of a Regular or Special Master, the excepting party shall within ten (10) days arrange for the transcribing of the testimony for filing with the court ... unless the court on motion shall grant an extension for cause shown. Failure of the excepting party to act promptly in accordance herewith to secure the transcript shall result in the dismissal of said exceptions by the court upon motion."

2. Pa.R.C.P. 239(f) prohibits the dismissal of an action for failure to comply with a local rule unless the local rule was promulgated under Rule of Judicial Administration 1901. The rule at issue here was not so promulgated.