J-S47043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| K.L.B. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| J.M.W. | |
| Appellant | No. 2061 MDA 2015 |

Appeal from the Order Entered October 20, 2015
In the Court of Common Pleas of Berks County
Domestic Relations at No(s): 07-14235

BEFORE: SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 09, 2016**

J.M.W. appeals from the order of the Court of Common Pleas of Berks County, which entered the support master's recommendation as the final order of court without argument on J.M.W.'s exceptions to the recommended order. After careful review, we vacate and remand for further proceedings.[1]

The trial court summarized the facts as follows:

[J.M.W.] filed a petition to modify [K.L.B.'s] support on January 6, 2015. A hearing was held in [the] Domestic Relations office on February 25, 2015, [and] no agreement was reached. A support hearing was held before the Support Master on April 17, 2015. Both parties were unrepresented. [J.M.W.] failed to bring employment wage verification to the hearing despite being instructed to do so. However, both [J.M.W.'s] current employer and his past employer provided the necessary documentation to establish both his is income and earning capacity. On May 26, 2015[,] the [s]upport [m]aster entered a recommended [o]rder.

_____

[1] We note that Appellee has failed to file an appellate brief.

On June 23, 2015[,] [J.M.W.] filed exception[s] to the recommended support [o]rder. [2]

On August 24, 2015[,] this [c]ourt entered a [briefing schedule directing J.M.W.] to file his brief no later than fourteen (14) days before the scheduled argument date of September 23, 2015. The [o]rder also stated that failure to file a timely memorandum or brief may result in dismissal of the exceptions. On September 17, 2015[,] this [c]ourt granted [J.M.W.'s] request to continue the [s]upport [a]rgument to October 20, 2015[;] however[,] this [c]ourt [o]rdered that all other respects of the August 24, 2015 [o]rder were to remain in effect. [J.M.W.] failed to file his brief as directed[.] [J.M.W.] filed his untimely brief on the day of the hearing, October 20, 2015. On October 23, 2015[,] this [c]ourt entered the [Support Master's order as its final order.]

Trial Court Opinion, 1/14/16, at 1-2.

J.M.W. filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, J.M.W. raises the following issue for our review:

Did the [h]onorable [t]rial [c]ourt err in dismissing [J.M.W.'s] exceptions to [the] [s]upport [m]aster's recommended order due to a late brief filing without a hearing [d]e [n]ovo?

Appellant's Brief, at 2.

Pursuant to Pennsylvania Rule of Civil Procedure 1910.12,

[i]f exceptions are filed, the interim order shall continue in effect. The court shall hear argument on the exceptions and enter an appropriate final order substantially in the form set forth in Rule 1910.27(e) within sixty days from the date of the filing of exceptions to the interim order. No motion for post-trial relief may be filed to the final order.

Pa.R.C.P. 1910.12(h).

_____

[2] By this point, J.M.W. had retained counsel who filed the exceptions.

Instantly, the trial court ordered briefs to be filed fourteen days prior to argument. When counsel did not file a brief until the day of the argument, which had been rescheduled because counsel did not receive notice of the original date, the trial court refused to hear argument. Berks County Rule of Civil Procedure 211.5 permits the trial court to strike a matter from the argument list if briefs are not timely filed. **See** Berks County R.C.P. 211.5(a)(4) (if party fails to file brief as required by local rules, court may order that "case be stricken from the argument list").

J.M.W. argues that Rule 1910.12(h) provides that if exceptions are timely filed, the trial court must hear oral argument on the matter; the rule does not provide any caveats regarding untimely briefs.[3] In support of his argument, J.M.W. cites to Pennsylvania Rule of Civil Procedure 239, which states that "[l]ocal rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly." Pa.R.C.P. 239(b)(1).[4] Indeed, under similar circumstances, we have remanded a case to the trial court for argument. **See Everhardt v. Akerley**, 665 A.2d 1283, 1287 (Pa. Super.

---

[3] As the trial court noted, J.M.W. incorrectly characterizes Rule 1910.12 as permitting a hearing *de novo*; "rather[,] the rule only provides for argument." Trial Court Opinion, 1/14/16, at 2. Though the rule does not provide for a hearing *de novo*, it nevertheless unequivocally states that the trial court must hear argument if timely exceptions are filed.

[4] In an order entered June 28, 2016, the Pennsylvania Supreme Court provided that this particular provision of Pa.R.C.P. 239 will be codified at Pennsylvania Rule of Judicial Administration 103(d)(1), effective immediately.

1995) (where trial court dismissed husband's exceptions to domestic relations hearing officer's recommendation in child support proceeding based upon husband's failure to file timely brief, as required by local rule, violation of Rule 239(f) occurred; case remanded to trial court for argument).[5] Thus, we are constrained to remand this matter to the trial court to hold argument regarding J.M.W.'s exceptions to the support master's recommendation.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2016

---

[5] We note that the trial court indicates in its opinion pursuant to Pa.R.A.P. 1925(a) that it considered the submissions of the parties regarding the exceptions prior to entering the support master's recommendation as the final order. However, this is not a substitute for holding argument on the exceptions. **See Everhardt**, **supra** at 1286 (local rule permitting court to rule on exceptions without hearing argument invalidated by statewide rule requiring argument to be held). **See also Delcamp v. Delcamp**, 881 A.2d 853, 854 (Pa. Super. 2005) (timely brief not essential for court to hold effective review via argument regarding exceptions to recommendations of special master in divorce case).