626 A.2d 634

Bernard V. DiGIACOMO and Rita M. DiGiacomo,
H/W and Anthony P. Risi, Jr., Appellants,

v.

PHILADELPHIA SUBURBAN WATER CO.

Superior Court of Pennsylvania.

Argued Feb. 10, 1993.

Filed June 17, 1993.

Edward A. Stern, Norristown, for appellants.

Paul C. Troy, Norristown, for appellee.

Before OLSZEWSKI, TAMILIA and FORD ELLIOTT, JJ.

TAMILIA, Judge:

Bernard V. DiGiacomo, Rita M. DiGiacomo and Anthony P. Risi, Jr., appeal from the Order filed July 31, 1992 dismissing their petition to open judgment.

On March 19, 1981, appellants commenced the underlying action in trespass against Philadelphia Suburban Water Company for property damage to their building as a result of a fire which occurred on the property. They alleged that as a result of appellee's failure to properly maintain its water supply system, there was insufficient water in the fire hydrants near the building to extinguish the fire.

On January 25, 1984, appellee noticed the depositions of John Fessler and Jack O'Hara, two of the firemen present when the fire occurred, and on March 6, 1984, defense counsel took Fessler's deposition. O'Hara's deposition was never taken or rescheduled.

On April 21, 1986 and May 26, 1988, appellants filed active status certificates requesting that the case not be terminated because discovery was allegedly continuing. However, to date, appellants have initiated no discovery.

On September 13, 1991, appellee filed a motion for entry of judgment of non pros for lack of prosecution. Appellants contended it was their strategy to wait for appellee to take the deposition of O'Hara before proceeding further. In granting appellee's motion, by Order filed April 1, 1992, the trial court relied upon the following holding in *Penn Piping, Inc. v. Insurance Co. of North America*, 529 Pa. 350, 603 A.2d 1006

(1992): "We now hold that in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket." *Id.* at 356, 603 A.2d at 1009.

On April 3, 1992, appellants filed a petition to open judgment following which, on May 19th, appellee filed an argument praecipe placing the petition to open on the argument list. Since no supporting brief was filed by appellant within thirty (30) days of the praecipe for argument, the trial court, on July 31, 1992, filed an Order dismissing appellants' petition for not abiding by Montgomery County Local Rule of Civil Procedure 302(f).[1]

■ While we are aware that Rule 302(f) may not be applied to result in dismissal of a complaint, see *Murphy v. Armstrong*, 424 Pa.Super. 424, 622 A.2d 992 (1993), we do not believe that holding is apposite here. Dismissal of a complaint by local rule which imposes a sanction for failing to file an argument brief within thirty (30) days is specifically prohibited by Pa.R.C.P. 239(f). Here, the complaint had already been non prossed pursuant to the holding in *Penn Piping, supra,* and the dismissal was of a petition or motion to open placed on the argument list by praecipe, when the petitioner failed to file a brief within 30 days of filing the praecipe as required by local Rule 302(f). Under these circumstances we do not believe the prohibition against Montgomery County local Rule 302(f), imposed by the *Murphy* interpretation of Rule 239(f), is applicable. The complaint had already been non prossed for cause and the petition to open is not subject to the strictures imposed on dismissal of a complaint by Rule 239(f).

1. Montgomery County Local Rule 302(f) states in relevant part:
   (f) Briefs. The brief of the moving party shall be filed within thirty (30) days of the date of filing of the praecipe for argument unless otherwise directed by the court. The brief of the respondent shall be filed within thirty (30) days of the date of the filing the moving party's brief.... If the brief of either the moving party or the respondent is not timely filed, the court may:
   (1) Dismiss the petition, motion or preliminary objection where the moving party has failed to comply.

Appellants argue the court erred in dismissing its petition to open judgment because the brief they proposed to use was the same brief they filed on February 4, 1992, in opposition to the entry of non pros. This argument lacks merit. We agree with the trial court that "[n]otwithstanding what they may have planned, at no time during the seventy-three (73) day period between the filing of the argument praecipe and the court's instant order did they indicate that the prior brief was to be used in support of the instant petition." (Slip Op., Lawrence, J., 9/22/92, p. 6.) Therefore, even though appellants planned to use the same arguments, the fact remains they still did not comply with local Rule 302(f).

Appellants contend the fact that the court addressed the merits of the case and concluded they had not adequately advanced a reasonable excuse for failing to prosecute their case shows that the court did consider appellants' February 4, 1992 brief and arguments contained therein. This argument is irrelevant since the court only addressed the merits secondarily and most likely in the interest of judicial economy. Nonetheless, after a review of the record, we agree with the court's finding appellants did not present a reasonable excuse for their delay in prosecuting the case.

■ Next, appellants argue Montgomery County Local Rule of Civil Procedure 302(f) is flawed because it fails to give a litigant the opportunity to defend himself against such harsh dispositions. Appellants also contend the court's application of the rule violated the spirit of liberal construction set forth in Pa.R.C.P. 126, LIBERAL CONSTRUCTION AND APPLICATION OF RULES. We find the trial court's dismissal was by no means automatic but by all means within its discretion under Rule 302(f). We agree with the well-reasoned analysis set forth by the court in addressing appellant's arguments.

In the case of *Byard F. Brogan Inc., v. Holmes Electric Protective Co.*, 501 Pa. 234, 460 A.2d 1093 (1983), the Pennsylvania Supreme Court indicated that it is the right and prerogative, indeed the duty, of the Common Pleas Courts of this Commonwealth to adopt rules for the orderly and expeditious conduct of the litigation before it. In

*Brogan,* the Court held invalid a local rule mandating the automatic dismissal of an appeal for the late filing of a brief. Montgomery County Local Rule 302(f) survives a *Brogan* challenge in that it does not require an automatic dismissal for inactivity; it requires the exercise of discretion by the trial court. *Appeal of Lynch Community Homes, Inc.,* 105 Pa.Commw. 29, 522 A.2d 716 (1987). In this case, the court did not abuse its discretion in dismissing the petition.

In *Feingold v. Southeastern Pennsylvania Transportation Authority,* 512 Pa. 567, 517 A.2d 1270 (1986), our Superior Court stated:

> This court's approach to the enforcement of procedural rules, whether local or state-wide, is dictated by the facts and circumstances in each individual case. To analyze otherwise would exalt procedural rules, which were created for efficiency and fairness, to a status far beyond their inherent power. "It has been our policy to overlook ... procedural errors when a party has substantially complied with the requirements of the rule and no prejudice would result. 'Procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives.' "

*Id.* at 572, 517 A.2d at 1272.

In the instant case, there has been no substantial compliance with the requirement of the local rule. Plaintiffs commenced an action in 1981. They filed answers to interrogatories in 1982, but only after Defendant filed a motion to compel and a motion for sanctions. They also participated in the 1984 deposition of Fessler, which was taken at Defendant's initiative. This meager initial activity on the case by Plaintiffs was followed by seven years of inaction, interrupted only by their perfunctory filing of two active status certificates. Subsequent to filing these certificates, Plaintiffs did absolutely nothing to prosecute the case.

.    .    .    .    .

At the time of the court's order dismissing the petition, Plaintiffs' brief was forty-three (43) days late which, in light of the lack of due diligence on their part that has marked the case from the start, cannot be viewed as a "non-prejudicial procedural mis-step." *See Brogan, supra* at 240, 460 A.2d at 1096. Under all of the circumstances, we believe this is not a case where the dictates of justice require that the substantive merits should be addressed.

(Slip Op. at 4–7 (footnote omitted).)

Finally, appellants contend the argument praecipe filed by appellee on May 19, 1992 was premature and, therefore, invalid since the court Order sur petition to open judgment, filed May 4, 1992, stated that the argument praecipe was not to be filed until discovery was completed. We disagree and find the trial court adequately disposed of this argument:

Plaintiffs misread the order. It states that the praecipe is not to be filed until discovery is completed, *if necessary.* Where no discovery is needed, neither party must wait to file the argument praecipe.

Interestingly, Plaintiff does not allege that there was discovery that he wished to take on the petition to open. Plaintiff's petition cover sheet does not reflect a request for discovery. Nor did he ever notify the court, by letter or otherwise, that he required discovery. Absent notification that discovery was needed, the argument praecipe was timely filed.

(Slip Op. at 9–10.)

Having carefully reviewed and considered the record, transcripts and briefs, we agree with the trial court that the judgment of non pros was properly entered and the petition to open said judgment properly denied.

Order affirmed.