**Joseph REAVES, Appellant**

v.

**Julie KNAUER, CHCA and Donna Hale, former CHCA and State Correctional Institute at Graterford Medical Department and Dr. Benjamin Robinson and Norman B. Stempler, D.O. and Castor Medical.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 6, 2009.

Decided May 13, 2009.

Publication Ordered Aug. 10, 2009.

Joseph Reaves, appellant, pro se.

Claudia M. Tesoro, Sr., Deputy Attorney General, Philadelphia, and John G. Knorr, III, Chief Deputy Attorney General, Harrisburg, for appellees, Julie Knauer and State Correctional Institute at Graterford Medical Department.

George L. Young, Jr., Philadelphia, for appellee, Norman B. Stempler, D.O.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

In this appeal, Joseph Reaves (Plaintiff) asserts error in the denial of his petitions to open judgments of non pros in his medical malpractice action against Julie Knauer, the Medical Department at SCI–Graterford (Medical Department), and Dr. Norman B. Stempler (collectively, Defendants). The Court of Common Pleas of Montgomery County (trial court) denied Plaintiff's petition to open judgment of non pros in favor of Knauer and the Medical Department because Plaintiff failed to file a certificate of merit pursuant to Pa. R.C.P. No. 1042.3.[1] The trial court also dismissed Plaintiff's petition to open judgment of non pros in favor of Dr. Stempler on the basis Plaintiff failed to comply with a local rule of court. On appeal, Plaintiff asserts the trial court erroneously struck the default judgments entered against Defendants which, in turn, cleared the way for entry of the judgments of non pros. We affirm.

## I. History

The history of this case is punctuated by voluminous filings; we therefore recite only the procedure relevant to the current appeal. Plaintiff is an inmate at SCI–Graterford. Representing himself, Plaintiff filed a November 2005 medical malpractice action against Defendants.[2] The complaint identifies Knauer as a correctional health administrator at SCI–Graterford and Dr. Stempler as an orthopedic doctor who contracted with the Department of Corrections (DOC) to provide medical treatment to the facility's inmates. The Medical Department is in the business of providing medical services to inmates. The complaint alleges Plaintiff sustained injuries during a basketball game, and reconstructive surgery was prescribed to address facial scarring. Due to a change in the DOC's policies, however, the surgery was reclassified as unauthorized cosmetic surgery. Plaintiff alleges the failure to perform the reconstructive surgery resulted in a deterioration of his eye socket, vision problems, headaches, weakness and

---

1. This Rule pertains to complaints alleging liability of a professional, including health care providers. Rule 1042.3 requires a party to submit a certificate of merit indicating that an appropriately licensed professional provided a statement to the effect that the allegedly inadequate treatment that is the subject of the complaint departs from acceptable professional standards and caused the alleged harm. The Rule further permits the plaintiff to certify expert testimony is not necessary for prosecution of the case.

2. Plaintiff's complaint also named as defendants Donna Hale, a former correctional health administrator at SCI–Graterford, and Dr. Benjamin Robinson, custodian of Graterford's medical records. The trial court dismissed Dr. Robinson from the lawsuit in August 2006 and later dismissed Ms. Hale from the suit in October 2006. *See* Original Record (O.R.) at 43; 104. Plaintiff also named Castor Medical as a defendant but asserts he did so only as an alternative location for service on Dr. Stempler. The court dismissed Castor Medical from the lawsuit at the same time it dismissed Ms. Hale. On appeal, Plaintiff asserts the trial court erred by refusing to discontinue the matter as to these defendants. His assertions are contrary to the record.

numbness in the right facial region, emotional distress, and pain and suffering. Plaintiff avers various actions of Defendants fell below the standard of care of medical professionals.[3]

## A. Proceedings against Knauer and the Medical Department

Plaintiff served the complaint on Knauer and the Medical Department in November 2005. Neither defendant responded to the complaint. In May 2006, the Montgomery County Prothonotary (Prothonotary) entered a default judgment against Knauer and the Medical Department upon Plaintiff's praecipe. Once aware of the default judgments, Knauer and the Medical Department filed a petition to strike and/or open the default judgments.[4] Notwithstanding Plaintiff's opposition, the trial court summarily granted the motion on February 12, 2007. This Court subsequently quashed Plaintiff's appeal of that order as interlocutory. *See Joseph Reaves v. Julie [Knauer], SCIG Med/Dept.,* (Pa. Cmwlth., No. 481 C.D.2007, filed March 27, 2007), *appeal denied,* (Pa., No. 76 MM 2007, filed July 26, 2007).

Prior to Plaintiff's appeal to this Court, Knauer and the Medical Department filed a single praecipe for judgment of non pros on the basis Plaintiff failed to file a certificate of merit. Accordingly, the Prothonotary entered judgment in their favor. Plaintiff thereafter unsuccessfully petitioned to open the judgment of non pros, which is the subject of this appeal.

## B. Proceedings against Dr. Stempler

Plaintiff did not effectuate service of the complaint on Dr. Stempler within 30 days of the initial filing. Accordingly, Plaintiff twice reinstated his complaint, and finally served Dr. Stempler in March 2006. Dr. Stempler did not file a responsive pleading. On Plaintiff's request, the Prothonotary entered a default judgment against the doctor in September 2006. Dr. Stempler subsequently filed a motion to strike the default judgment, which the trial court summarily granted. On praecipe by Dr. Stempler, the Prothonotary entered judgment of non pros against Plaintiff on the ground he failed to file a certificate of merit. Thereafter, the trial court denied Plaintiff's petition to open the judgment of

3. Plaintiff alleges that Defendants possessed medical knowledge and skills, and "assumed a duty to render reasonable, proper and adequate medical attention and care." O.R. at 00, Compl., at ¶ 12. In Count I, Plaintiff sets forth numerous ways in which Defendants allegedly breached their professional duty of care. Summarizing, Defendants failed to: retain competent orthopedic surgeons; oversee all persons practicing orthopedics at SCI–Graterford; adopt and enforce adequate rules to ensure quality medical care; abide by the reconstructive surgery prescription; refer Plaintiff to a facial reconstruction specialist; minimize the risk of harm to Plaintiff's face; take necessary and proper medical precautions to protect Plaintiff's interest after the DOC changed its policy on reconstructive surgery; monitor Plaintiff's condition, conduct follow-up examinations and schedule corrective surgery; avoid errors in judgment result-

ing in Plaintiff's injury; and, disclose to Plaintiff what he would look like without facial reconstruction. *Id.,* Compl. at ¶ 33.

In Count II, Plaintiff alleged Knauer and the Medical Department failed to exercise professional judgment by failing to enforce the prescription for reconstructive surgery. *Id.,* Compl. at ¶¶ 45–56. In Count III, Plaintiff averred Dr. Stempler was grossly negligent by failing to have the reconstructive surgery prescription enforced. *Id.,* Compl. at ¶ 47. He also had a "duty and responsibility to review all matters complained of and to timely act" on Plaintiff's complaints. *Id.,* Compl. at ¶ 48.

4. Pending resolution of their motion, the trial court granted Knauer's and the Medical Department's emergency motion to stay execution of the default judgment.

non pros, which is also the subject on appeal.

## C. Trial Court Opinion

In support of its orders denying Plaintiff's petitions to open the judgments of non pros, the trial court first determined Knauer and the Medical Department were entitled to judgment of non pros because Plaintiff failed to file certificates of merit as required by Pa. R.C.P. No. 1042.3, despite two 60–day extensions in which to do so. Consequently, the Prothonotary properly entered a judgment of non pros on behalf of these Defendants upon their praecipe. *See* Pa. R.C.P. No. 1042.7.[5]

Regarding Plaintiff's petition to open the judgment of non pros in favor of Dr. Stempler, the trial court concluded Plaintiff failed to comply with Montgomery County Local Rule 206.4(c)(3). This Local Rule permits the dismissal of a petition where the moving party fails to file a supporting brief within 30 days of a praecipe for argument. Here, Dr. Stempler filed a praecipe for argument on Plaintiff's petition to open the judgment of non pros on February 14, 2008. As of the trial court's May 2008 order denying the petition, Plaintiff had yet to file a supporting brief.

## II. Discussion

The nature of Plaintiff's appeal requires the Court to undertake a two-step analysis. The main issue Plaintiff presents is whether the trial court erred by granting Defendants' motions for non pros where the default judgments were properly entered and should not have been stricken. Defendants acknowledge Plaintiff properly preserved this issue. Accordingly, they address the propriety of the trial court's orders striking the default judgments. Thus, we must first determine whether the trial court properly struck the default judgments. If the trial court's orders are upheld, we must then determine whether the court erred in denying Plaintiff's petitions to open the judgments of non pros.

## A. Default Judgment

To obtain relief from the entry of a default judgment, the law provides two distinct remedies. An aggrieved party may file a petition to strike a default judgment and/or a petition to open a default judgment, but the remedies are not interchangeable. *Cintas Corp. v. Lee's Cleaning Serv., Inc.*, 549 Pa. 84, 700 A.2d 915 (1997). A petition to strike operates as a demurrer to the record and does not involve the discretion of the court. *Id.* As such, the court may only look to the facts of record at the time the judgment was entered to decide if the record supports the judgment. *Id.* A petition to strike can only be granted if a fatal defect appears on the face of the record. *Id.*

In contrast, a petition to open judgment is an appeal to the court's equitable powers. *Id.* It is committed to the sound discretion of the court and will not be disturbed absent a manifest abuse of discretion. *Id.* To be successful, a petition to open a judgment must meet the following test: the petition must be promptly filed; the failure to appear or file a timely answer must be excused; and, the party seeking relief must show a meritorious defense. *Id.* A party seeking to challenge the factual averments in the record at the time the judgment was entered should file a petition to open the judgment. *Id.*

---

5. At the relevant time, Pa. R.C.P. No. 1042.6 allowed for entry of judgment of non pros for failure to file a certificate of merit. The rule was amended and renumbered as Pa. R.C.P. No. 1042.7 in 2008. *See* Pa. R.C.P. No. 1042.7, *Note*. As the substance of the Rules did not change, we refer to the Rule by its current number.

### 1. Knauer and the Medical Department

Before the trial court, Knauer and the Medical Department sought relief from the default judgment because Plaintiff failed to properly serve a copy of the complaint on the Attorney General. Plaintiff counters he served the complaint on Defendants in November 2005 as evidenced by the Sheriff's return. O.R. at 3.

Plaintiff's complaint identifies Knauer as an employee at SCI–Graterford. O.R. at 00, Compl. at ¶ 2. The allegations of Plaintiff's complaint described Knauer's actions as they occurred during the course of her employment. In addition, Plaintiff identifies the Medical Department as a subsidiary of the DOC. *Id.*, Compl. at ¶ 3. Pursuant to the commonly known Sovereign Immunity Act, 42 Pa.C.S. §§ 8501–8528, a "Commonwealth party" is a "Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Pa.C.S. § 8501. Both Knauer and the Medical Department are Commonwealth parties for purposes of this action.

In actions against Commonwealth parties, service of process must be made at the principal office or local office of the Commonwealth agency being sued, *and at the office of the Attorney General.* 42 Pa.C.S. § 8523. Although Plaintiff served Knauer and the Medical Department with the complaint in November 2005, there is no proof Plaintiff served the Attorney General as required by the Sovereign Immunity Act. *See also* Pa. R.C.P. No. 422 (relating to service on the Commonwealth and political subdivisions). On at least one occasion, however, strict compliance with the service requirements was overlooked where the record evidenced the Attorney General had actual knowledge of the lawsuit and technical compliance with the service rules did not result in disadvantage or prejudice. *See Moore v. Eastern State Sch. & Hosp.*, 5 Pa. D. & C.3d 121 (C.P. Bucks 1978); *see also* 21 *Standard Pa. Practice 2d* § 114:15 (2009); 2 *Goodrich Amram 2d* § 422(a):2 (2008).

In this case, we conclude Plaintiff's failure to serve the Attorney General cannot be overlooked. Plaintiff alleges Knauer's actions occurred in the course of her employment as health administrator at SCI–Graterford. Similarly, Plaintiff averred the Medical Department is a subsidiary of the DOC. Knauer and the Medical Department are entitled to representation by the Attorney General inasmuch as they are Commonwealth parties. 42 Pa. C.S. § 8525. As a result of Plaintiff's failure to serve the Attorney General with the November 2005 complaint, the Attorney General had no notice of Plaintiff's lawsuit and his corresponding duty to defend the Commonwealth parties. Plaintiff's failure to abide by the service rules led to the entry of a default judgment against Knauer and the Medical Department. The prejudice to them is obvious.

Accordingly, Plaintiff's failure to serve a copy of the complaint on the Attorney General cannot be excused. This omission renders Plaintiff's service defective and deprived the trial court of jurisdiction over Knauer and the Medical Department. *Feigley v. Jeffes,* 97 Pa. Cmwlth. 583, 510 A.2d 385 (1986). Without jurisdiction, the Prothonotary lacked power to enter a default judgment against them. *Cintas Corp.; U.K. LaSalle, Inc. v. Lawless,* 421 Pa.Super. 496, 618 A.2d 447 (1992). This is a fatal defect appearing on the face of the record. We therefore discern no error in the trial court's order striking the default judgment against

Knauer and the Medical Department.[6]

## 2. Dr. Stempler

Dr. Stempler advanced a number of reasons why the default judgment against him should be stricken. For the reasons that follow, we conclude opening the default judgment is the appropriate remedy here. Our conclusion, however, does not affect the resolution of Plaintiff's appeal.

Dr. Stempler first asserted the default judgment entered against him should be stricken because Plaintiff's complaint does not contain a notice to defend. However, Plaintiff's complaint includes a notice to defend. O.R. at 00.[7]

In addition, Dr. Stempler averred Plaintiff's notice of intent to take default judgment did not substantially comply with Pa. R.C.P. No. 237.5 (relating to form of notice of judgment by default). Plaintiff's praecipe for judgment actually consists of several pages and, when viewed in their entirety, they substantially comply with the Rule. O.R. at 77; 78; 79 (consisting of

Praecipe for Judgment; Request for Entry of Default; Sheriff's Return of Complaint; Notice to Defend; Certified Mail Receipt dated 8/10/06; Notice of Intent to Request Entry of Default Judgment; Notice by Prothonotary of Entry of Judgment; and, Affidavit for Entry of Default).

■ Dr. Stempler further asserted Plaintiff's verification was not notarized nor made subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities). He also averred Plaintiff failed to file an affidavit of service as required by Pa. R.C.P. No. 405(d) (relating to return of service by a person other the sheriff).[8] These, however, are not fatal defects of record that cannot be cured by amended filings. *See Malakoff v. Zambar, Inc.,* 446 Pa. 503, 288 A.2d 819 (1972) (default judgment should not be stricken for *de minimis* errors).

Dr. Stempler also alleged the Prothonotary erroneously entered default judgment against him in the amount of $50,000. In his prayer for relief, Plaintiff seeks dam-

---

**6.** Knauer and the Medical Department further assert Plaintiff failed to properly serve them with written notice of his intention to praecipe for entry of default judgment. Pursuant to Pa. R.C.P. No. 237.1(a)(2)(ii), a default judgment may not be entered against a party unless the praecipe for entry of judgment includes a certification that written notice of the intention to file the praecipe was mailed or delivered to the party against whom the judgment is sought *and* his attorney of record. Here, Plaintiff served only the Attorney General, who was not served with the November 2005 complaint, with notice of his intention to praecipe for entry of default judgment. He did not serve Knauer or the Medical Department. This also constitutes a defect on the face of the record requiring the trial court to strike the default judgment. *Erie Ins. Co. v. Bullard,* 839 A.2d 383 (Pa.Super.2003).

**7.** That is not to say Plaintiff included a notice to defend in the copy of the complaint he served on Dr. Stempler. *See* Motion to Strike Default Judgment, O.R. at 123, Ex. B. Be-

cause the complaint as filed with the court included a notice to defend, the Rules authorized the Prothonotary to enter default judgment against Dr. Stempler. Pa. R.C.P. No. 237.1(2). Nevertheless, Plaintiff's failure to include a notice to defend with the copy of the complaint served on Dr. Stempler goes to whether the doctor had an excuse for his failure to timely answer.

**8.** With limited exceptions, the Rules of Civil Procedure require original process to be made by sheriff. Pa. R.C.P. No. 400. If original process is served by a person other than the sheriff, the rules require the person making service to complete a return of service by affidavit. Pa. R.C.P. No. 405(d). Here, Dr. Stempler alleged Plaintiff failed to file an affidavit of service pursuant to Rule 405(d). This objection suggests someone other than the sheriff served Plaintiff's complaint on Dr. Stempler. However, the record includes a sheriff's return for the original complaint served on Dr. Stempler. O.R. at 13.

ages "in excess of Fifty Thousand ($50,-000.00) [dollars] together with interest, costs[,] punitive damages and other relief the court deems appropriate." O.R. at 00, Compl., Count IV.

Since the complaint does not specify a sum certain upon which the Prothonotary could enter judgment or facts from which he could calculate damages as required by Pa. R.C.P. No. 1037(b)(1),[9] the entry of judgment in the amount of $50,000 was erroneous. While the Prothonotary was not authorized to assess damages, the entry of default judgment itself was proper.

As shown above, it does not appear from the record that the default judgment entered against Dr. Stempler was irregular on its face. Thus, we respectfully disagree that the default judgment should have been stricken. *See Maiorana v. Farmers & Merchs. Bank*, 319 Pa.Super. 338, 466 A.2d 188 (1983).

■ Nevertheless, we recognize the record does permit opening of the default judgment in this case. *Cf. Gondek v. Bio–Med. Applications of Pa., Inc.*, 919 A.2d 283 (Pa.Super.), *appeal denied*, 593 Pa. 729, 928 A.2d 1291 (2007) (affirming denial of petition to open judgment of non pros where the plaintiff failed to file a certificate of merit); *Almes v. Burket*, 881 A.2d 861 (Pa.Super.2005) (reversing denial of petition to open judgment of non pros where counsel had reasonable explanation for failure to timely file certificate of merit).

■ At the outset, we acknowledge Dr. Stempler's petition to strike default judgment did not include a request to open the judgment, and that these remedies are not interchangeable. *Cintas Corp.* We con-clude, however, the proceedings below protected Plaintiff's right to challenge opening of the default judgment and, therefore, a remand for additional proceedings solely on this issue would be futile and an inefficient use of judicial resources.

First, Dr. Stempler filed his motion to strike within two months of entry of the default judgment. *See* O.R. at 77 and 123. In his motion, Dr. Stempler averred the complaint as served did not include a notice to defend. O.R. at 123. Plaintiff did not deny Dr. Stempler's allegation. O.R. at 143. Thus, although the complaint as filed with the court included a notice to defend and did not preclude entry of the default judgment, Plaintiff's failure to include a notice to defend with the copy of the complaint served on Dr. Stempler provided adequate excuse for the doctor's failure to timely answer the complaint. *Cf. Mother's Rest., Inc. v. Krystkiewicz*, 861 A.2d 327 (Pa.Super.2004) (a party is under no obligation to answer a complaint lacking a notice to defend).

In addition, the trial court heard oral argument on Dr. Stempler's motion to strike the default judgment. O.R. at 301–303. Plaintiff participated through video-conference and, thus, had sufficient opportunity to· contest the allegations of Dr. Stempler's motion. *Id.; see also* O.R. at 309.

Finally, Dr. Stempler averred in his motion to strike that Plaintiff failed to file a certificate of merit as required by Pa. R.C.P. No. 1042.3. O.R. at 123. As later discussed in this opinion, the record confirms Dr. Stempler's assertion. This is a meritorious defense to Plaintiff's action.

---

**9.** Pa. R.C.P. No. 1037(b)(1) provides in relevant part:

[t]he prothonotary shall assess damages for the amount to which the plaintiff is entitled if it is a sum certain or which can be made by computation, but if it is not, the damages shall be addressed at a trial. . . .

Pa. R.C.P. No. 1042.3; *Womer v. Hilliker*, 589 Pa. 256, 908 A.2d 269 (2006).

In light of the above, the three prong test for opening a default judgment is clearly met. A second round of hearings limited to the issue of opening the default judgment would render the same result. Therefore, viewing the motion to strike default judgment as a motion to open, we conclude Dr. Stempler was entitled to relief. *Cf. Cintas Corp.* (reviewing petition to strike default judgment as petition to open, the Supreme Court concluded record did not support factual assertions service was not made upon person in charge at the defendant's place of business).

Discerning no reversible error in the trial court's orders granting Defendants relief from the default judgments, we now turn our attention to whether the court abused its discretion by denying Plaintiff's petitions to open the judgments of non pros.

## B. Relief from Judgment of Non Pros

 To obtain relief from a judgment of non pros in a medical malpractice action, a plaintiff must show: the petition to open the judgment of non pros is timely filed; there is a reasonable explanation or legitimate excuse for the inactivity, here, the failure to file a certificate of merit; and, there is a meritorious cause of action. Pa. R.C.P. No. 3051. The trial court may only open a judgment of non pros where the plaintiff demonstrates in a satisfactory manner he has a reasonable explanation for the delay that formed the basis of entry of judgment. *Glenn v. Mataloni*, 949 A.2d 966 (Pa.Cmwlth.), *appeal denied*, 598 Pa. 776, 958 A.2d 1049 (2008). Where a plaintiff challenges the dismissal of his case for non pros, we are limited to considering whether the trial court abused its discretion. *Id.* A reviewing court may reverse the trial court's decision only if the

order reflects an unreasonable result, partiality, prejudice, bias, animus, or no rational support suggesting the court entered the order erroneously. *Id.*

### 1. Knauer and the Medical Department

The Prothonotary entered judgment of non pros against Plaintiff because he failed to file the required certificate of merit. Rule 1042.7 requires the prothonotary, upon praecipe by the defendant, to enter a judgment of non pros against a plaintiff for the failure to file a certificate of merit within the required time, provided: there is no pending motion for an extension of time to file the certificate or for a determination the certificate is not necessary; no certificate has been filed; the defendant served the plaintiff with notice of its intention to enter judgment of non pros; and, the praecipe for entry of non pros is filed within 30 days of the notice of intention to enter judgment of non pros. Pa. R.C.P. No. 1042.7(a). In addition, Rule 1042.6(b) authorizes entry of judgment of non pros where the court has granted a motion to extend the time to file a certificate and the plaintiff has failed to do so, or the court has denied a motion to extend the time to file. Pa. R.C.P. No. 1042.6(b).

In accord with the above Rules, the Prothonotary entered judgment of non pros in favor of Knauer and the Medical Department. The record shows the trial court twice granted Plaintiff 60–day extensions in which to file certificates of merit. O.R. at 6; 35. Further, the court denied two additional motions for extensions of time in January and February 2007. There was no pending motion for an extension of time to file the certificate of merit when the Prothonotary entered the judgment of non pros. In sum, Plaintiff failed to comply with the Rules despite additional opportunities to do so. Under the circum-

stances, the Rules required the Prothonotary to enter judgments of non pros in favor of Knauer and the Medical Department upon their praecipe.

■ In his petition to open the judgment of non pros, Plaintiff merely restated his burden and maintains he has a meritorious cause of action because a doctor prescribed reconstructive surgery. O.R. at 9; 215; 274. As determined above, however, the trial court properly struck the default judgments against Knauer and the Medical Department. Consequently, the Rules require Plaintiff to file a certificate of merit, which he failed to do.[10] In addition, Plaintiff has not certified expert testimony is unnecessary for the prosecution of his claim. *See* Pa. R.C.P. No. 1042.3(a)(3). Because Plaintiff failed to establish a meritorious cause of action, the trial court properly denied Plaintiff's petition to open the judgment of non pros.

### 2. Dr. Stempler

■ The trial court dismissed Plaintiff's request for relief from judgment of non pros because he failed to comply with Montgomery County Local Rule 206.4(c)(3). Courts of common pleas have authority to make rules for the operation of their own court system as long as the rules are not contrary to those promulgated by the Pennsylvania Supreme Court. *Murphy v. Armstrong*, 424 Pa.Super. 424, 622 A.2d 992 (1993). The application, construction, and interpretation of local rules of court are matters primarily to be determined by the trial court promulgating the rule, and this Court will only interfere where the trial court commits an abuse of

discretion. *Weinhold v. Brecknock Twp. Zoning Hearing Bd.*, 160 Pa.Cmwlth. 462, 635 A.2d 244 (1993).

In general, Local Rule 206.4(c) governs issuances of a rule to show cause for petitions governed by Pa. R.C.P. No. 206.1 (addressing petitions to open default judgment or judgment of non pros). The Local Rule further provides that after the filing of the petition and an answer thereto, any party may praecipe the court for argument. Montgomery County R.Civ.P. No. 206.4(c)(2). The moving party is required to file a supporting brief within 30 days of filing the praecipe for argument, and the failure to comply with this Rule may result in dismissal of the petition. *Id.* at 206.4(c)(3, 635 A.2d 244)(a).

In this case, Plaintiff sought to open the judgment of non pros asserting his complaint set forth a meritorious cause of action and the trial court mismanaged his lawsuit. O.R. at 318. Dr. Stempler filed a praecipe for oral argument on Plaintiff's request for relief on February 14, 2008. O.R. at 326. As the moving party, Plaintiff was required to file a supporting brief within 30 days of a praecipe for argument. However, the record shows Plaintiff did not abide by the Local Rule.

The dismissal here is of a petition to open a judgment of non pros. The complaint had already been non prossed for cause. A petition to open is not subject to the same strictures as those imposed on a dismissal of a complaint by Pa. R.C.P. No. 239(f) ("[n]o civil action or proceeding shall be dismissed for failure to comply to comply with a local rule"). *DiGiacomo v. Phila. Suburban Water Co.*, 426 Pa.Super.

---

**10.** Plaintiff asserts a letter from Ernie D. Preate, Jr. Esq. is sufficient proof of a meritorious cause of action. O.R. at 306. However, Rule 1042.3 requires a certificate of merit from "an appropriate licensed professional" indicating there exists a "reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment" fell outside the acceptable professional standards. The attorney's letter cannot satisfy the requirements of Rule 1042.3 because Attorney Preate is not a licensed medical professional.

183, 626 A.2d 634 (Pa.Super.1993). We therefore discern no abuse of discretion in the trial court's application of Local Rule 206.4(c)(3).

For all these reasons, we affirm.

### *ORDER*

AND NOW, this 13th day of May, 2009, the order of the Court of Common Pleas of Montgomery County is **AFFIRMED.**