# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dante Davis                                    :
                                               :
            v.                                 :
                                               :
                                               :
Osbourne and Elaine Walker and                 :
Verizon Pennsylvania, LLC and                  :
Verizon and Comcast Corporation                :
and Comcast Cable of Philadelphia              :
and Comcast of Philadelphia, Inc.              :
and Comcast of Philadelphia II, Inc.           :  No. 861 C.D. 2016
and Comcast of Philadelphia II, LLC            :  Argued: May 2, 2017
and Philadelphia Gas Works and City            :
of Philadelphia and Pennsylvania               :
Department of Transportation and               :
PECO Energy Company and The                    :
School District of Philadelphia and            :
Verizon Pennsylvania and Verizon               :
Pennsylvania, Inc.                             :
                                               :
                                               :
                                               :
Appeal of: Osbourne Walker and                 :
Elaine Walker, his wife                        :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: May 24, 2017


            Osbourne and Elaine Walker (together, Walkers) appeal the Court of

Common Pleas of Philadelphia County's (trial court) denial of their petition to

strike default judgment entered against them for failing to respond to the suit filed by Dante Davis (Davis). For the following reasons, we affirm.

On November 1, 2012, Davis was injured when he tripped and fell over a wire, coil or similar object protruding from the pole of a traffic signal located on the sidewalk in the 4600 block of either North Sydenham Street or North 15th Street in Philadelphia. The Walkers own several vacant properties in this area, including 4609 and 4611 North Sydenham Street, and 4610-4612 North 15th Street (the Philadelphia Property); however, they reside in Queens, New York.

Davis commenced a slip-and-fall action in the trial court on November 3, 2014, by filing a Praecipe to Issue Writ of Summons (Writ). The Writ named as defendants the Walkers, as record owners of the property, as well as several utilities and governmental entities.[1] On November 8, 2014, Davis served the Writ on the Walkers via certified mail return receipt requested at their residence in New York.[2] The certified mailings for both the Walkers were

---

[1] A significant amount of filings were made at the trial court level regarding the governmental and utility defendants. Philadelphia Gas Works, City of Philadelphia, Pennsylvania Department of Transportation, PECO Energy Company, the School District of Philadelphia, and the various iterations of Comcast all notified the Court that they would not be participating in the appeal. On March 24, 2017, we issued an order precluding the Verizon entities from filing briefs and participating in oral argument. Because none of these defendants are participating in the appeal and because they have no bearing on the outcome, we will limit our discussion to the facts and procedural history regarding Davis and the Walkers.

[2] Davis' counsel also retained a process server who attempted to effect personal service on the Walkers at the Philadelphia Property, but was unsuccessful after attempts on 8 different days.

received and signed for by an individual named "Mike Quinn" who identified himself on the return receipt slips as being the Walkers' "Agent." The Writ was also sent by first-class mail and was not returned to sender.

On May 12, 2015, Davis filed his complaint and it was sent on May 13, 2015 to the Walkers by first-class mail to the same address in New York where the Writ was purportedly served. When the Walkers failed to respond, Davis filed praecipes for entry of default judgment which were also sent to the Walkers by first-class mail. The trial court entered judgment against the Walkers on June 30, 2015. Over 5 months later, the Walkers filed a petition to strike, alleging the default judgment should be stricken due to the "facially-defective" service of the Writ. The Walkers alleged they did not sign the certified mail return receipts, the Writ was not sent by restricted delivery as required by the Pennsylvania Rules of Civil Procedure, and Mike Quinn was not, in fact, their agent.

The trial court denied the Walkers' petition to strike. In its Rule 1925(a) opinion, citing to *Resolution Trust Corporation v. Copley Qu-Wayne Associates*, 683 A.2d 269, 273 (Pa. 1996), the trial court noted that because the Walkers filed a petition to strike the court was limited to a review of only the record as filed by Davis.[3] It noted that the limited record in this case demonstrates

---

[3] To obtain relief from entry of a default judgment, a party may file a petition to strike or a petition to open default judgment, but these remedies are not interchangeable. *Reaves v. Knauer*, 979 A.2d 404, 409 (Pa. Cmwlth. 2009) (citing *Cintas Corporation v. Lee's Cleaning Services, Inc.*, 700 A.2d 915 (Pa. 1997)). A petition to open judgment is an appeal to the court's equitable powers and is committed to the court's discretion. *Reaves*, 979 A.2d at 409. In contrast, a petition to strike does not involve the discretion of the court as it operates as a demurrer and admits all well-pleaded facts. *Cintas Corp.*, 700 A.2d at 918.
**(Footnote continued on next page…)**

3

that the Writ was served at the Walkers' New York residence by certified mail, signed for by Mike Quinn, their agent, and the Walkers failed to respond to the Writ, the complaint, or Davis' praecipes to enter default judgment. Based on those facts, the trial court found that personal service had been made under Pa. R.C.P. No. 403, which provides that when a defendant resides or is located outside the Commonwealth, the plaintiff may serve original process "by any form of mail requiring a receipt signed by the defendant or his authorized agent." Because there was nothing facially defective regarding service of the Writ, the trial court found there was no legal basis for striking the default judgment. This appeal followed.[4]

The Walkers argue that the trial court erred in denying their petition to strike due to the "facially-defective" service of the Writ. They maintain that the Pennsylvania Rules of Civil Procedure require original process be served by the restricted delivery type of certified mail.

---

**(continued…)**

> A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. In considering the merits of a petition to strike, the court will be limited to a review of only the record. . . . Matters dehors the record . . . will not be considered. If the record is self-sustaining, the judgment will not be stricken. However, if the truth of the factual averments contained in such record are disputed, then the remedy is by a proceeding to open the judgment and not to strike.

*Resolution Trust Corp.*, 683 A.2d at 273.

[4] The Walkers initially filed their appeal in the Superior Court, which transferred the case here due to the presence of the governmental defendants, pursuant to 42 Pa. C.S. § 762(a)(7) and Pa. R.A.P. 751.

4

Rule 404(2) of the Pennsylvania Rules of Civil Procedure provides that "[o]riginal process shall be served outside the Commonwealth . . . by mail in the manner provided by Rule 403. . . ." Pa. R.C.P. No. 404(2). In turn, Rule 403 provides, in pertinent part, that "[i]f a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by **any form** of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail." Pa. R.C.P. No. 403 (emphasis added). Despite this specific language, the Note to Rule 403 provides that "[t]he United States Postal Service provides for restricted delivery mail, which can only be delivered to the addressee or his authorized agent. Rule 403 has been drafted to accommodate the Postal Service Procedures with respect to restricted delivery." Note to Pa. R.C.P. No. 403. The Walkers maintain that this Note clarifies Rule 403 to limit service in those situations to restricted delivery mail because that type of service guarantees that the return receipt will be signed by the defendant or the individual designated as his authorized agent. Since Davis did not utilize restricted delivery in serving the Walkers with the Writ, they claim that service was defective. We disagree.

First, we note that while an explanatory note may aid in interpreting the meaning of a rule, it is not binding and is not part of the rule itself. Pa. R.C.P. No. 129(e). Moreover, the explicit language of Rule 403 specifically allows for service of original process "by **any form** of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R.C.P. No. 403 (emphasis added). This rule is also consistent with the Pennsylvania Long Arm Statute which allows for service of process on individuals outside the Commonwealth by, *inter alia*, "any

5

form of mail addressed to the person to be served and requiring a signed receipt." 42 Pa. C.S. § 5323(a)(3). Service of the Writ here was proper because certified mail requires that a receipt be signed by the defendant or his agent, and it is undisputed that an individual identifying himself as the Walkers' agent signed both certified mail receipts.

The Walkers also argue that the trial court erred in denying their petition to strike because the individual who signed the return receipt cards as their agent was not, in fact, identified by them as their authorized agent. However, the Walkers failed to present any evidence before the trial court to support this contention. Even if they had done so, as the trial court recognized, such evidence could not be considered because of the type of pleading the Walkers filed.

The limited inquiry that a trial court can make in a petition to strike a default judgment due to failure of personal service is illustrated by the Superior Court in *Aquilino v. Philadelphia Catholic Archdiocese*, 884 A.2d 1269 (Pa. Super. 2005). In that case, the plaintiff used Federal Express to deliver the complaint to one of the defendants at his Peruvian residence, with the "return receipt" stating that it was accepted at his residence by "Recept/Frnt desk[,]." The defendant argued that a default judgment entered against him should have been stricken because personal service of the complaint was not made as the return receipt did not establish that it was signed by him or his authorized agent. In rejecting that argument, the Superior Court stated:

> The record indicates, however, that the receptionist at the
> front desk of the Peruvian address signed for and

6

accepted service of the complaint. Rule 402(a)(2)(ii) [Pa. R.C.P. 402(a)(2)(ii)] permits acceptance of service "at the residence of the defendant to the clerk ... of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides;" and Rule 402(a)(2)(iii) permits acceptance of service "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." The mission was defendant's residence and, most likely, his place of business. Although it is not clear that the receptionist at the front desk was the person who received mail on behalf of residents . . . there is equally no indication to the contrary, thus preventing us from concluding that there is a fatal defect on the face of the record.

*Aquilino*, 884 A.2d at 1283.

Because a petition to strike admits all well-pleaded facts, under that limited standard, the trial court correctly concluded there was nothing facially defective regarding service of the Writ. The Walkers' address was correctly identified in the Writ; the affidavits of service indicate the Writ was sent via certified mail return receipt requested; and the Writ was received by an individual acknowledging he was the Walkers' agent. The trial court was unable to consider the Walkers' argument that Mr. Quinn was not their authorized agent because any such evidence was outside the record. Because the Walkers failed to respond to the Writ, the subsequent complaint or the notices of praecipe to enter default judgment, the trial court correctly determined there was no legal basis for striking the default judgment.

Accordingly, the order of the trial court is affirmed.

_____
DAN PELLEGRINI, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Dante Davis | : |
| | : |
| v. | : |
| | : |
| Osbourne and Elaine Walker and | : |
| Verizon Pennsylvania, LLC and | : |
| Verizon and Comcast Corporation | : |
| and Comcast Cable of Philadelphia | : |
| and  Comcast of Philadelphia, Inc. | : |
| and Comcast of Philadelphia II, Inc. | :   No. 861 C.D. 2016 |
| and Comcast of Philadelphia II, LLC | : |
| and Philadelphia Gas Works and City | : |
| of Philadelphia and Pennsylvania | : |
| Department of Transportation and | : |
| PECO Energy Company and The | : |
| School District of Philadelphia and | : |
| Verizon Pennsylvania and Verizon | : |
| Pennsylvania, Inc. | : |
| | : |
| | : |
| | : |
| Appeal of: Osbourne Walker and | : |
| Elaine Walker, his wife | : |

# **O R D E R**

AND NOW, this 24th day of May, 2017, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter, is affirmed.

DAN PELLEGRINI, Senior Judge