# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,              :
           Appellant      :
                       :
           v.                 :
                       :
Dugan, Brinkmann, Maginnis and   :    No. 37 C.D. 2017
Pace, and John D. Brinkmann     :    Submitted: July 28, 2017


BEFORE:     HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: December 15, 2017


Alton D. Brown (Brown) appeals, pro se, from the Philadelphia County Common Pleas Court's (trial court) December 8, 2016 order denying his Motion to Strike or Open Judgment of Non Pros (Motion). Essentially, there are two issues before this Court: (1) whether the trial court erred by entering a judgment of non pros as to Brown's malpractice claim; and (2) whether the trial court erred by denying Brown's Motion.[1] After review, we affirm.

---

[1] The "QUESTIONS INVOLVED" listed in Brown's brief include three additional issues:

> I. WHETHER [THE] TRIAL COURT ERRED IN GRANTING A JUDGMENT OF NON PROS [RELATIVE TO THE MOTION]?
>
> . . . .
>
> III. WHETHER [THE] TRIAL COURT'S RELIANCE ON HEARSAY TESTIMONY AND UNSWORN TESTIMONY AS [A] BASIS FOR ITS JUDGMENT OF NON PROS AND REFUSAL TO STRIKE/OPEN JUDGMENT OF NON PROS CONSTITUTE[S] A DENIAL OF DUE PROCESS?

In December 2014, Brown filed a legal malpractice action (Complaint) against Dugan, Brinkmann, Maginnis and Pace, and John D. Brinkmann (collectively, Defendants) alleging breach of contract, malpractice, increased risk of harm, and intentional infliction of emotional distress.[2]  At the time the Complaint was filed and the alleged acts occurred, Brown was incarcerated at Smithfield, State Correctional Institution (SCI) at Huntington.[3]  In January 2015, the trial court granted Brown in forma pauperis status.  The Complaint was served and Defendants filed an answer.

On April 15, 2015, Brown filed a certificate of merit (COM) pursuant to Pennsylvania Rule of Civil Procedure No. (Rule) 1042.3(a)(3), wherein he declared an expert was unnecessary to prosecute his claim.  On May 7, 2015, Defendants filed a motion to strike the COM.  On July 15, 2015, the trial court struck Brown's COM.  On August 31, 2015, because Brown did not file an amended COM, the trial court entered a judgment of non pros.  On December 11, 2015, the non pros judgment was amended and entered only as to Brown's malpractice claim.  On January 29, 2016, the trial court scheduled trial for April 18, 2016 in the Stout Criminal Justice Center (CJC) due to Brown's incarceration (Order).  Pursuant to the Order, Brown was responsible for arranging his transport to the CJC, or to notify the trial court if video conferencing would be necessary.

On March 9, 2016, Brown filed a Motion for Continuance of the trial date, which the trial court denied, and the matter proceeded to trial as previously ordered on

---

IV. WHETHER [THE] TRIAL COURT'S REFUSAL TO ALLOW ORAL ARGUMENT PRIOR TO DENYING [THE MOTION] CONSTITUTE[S] A DENIAL OF DUE PROCESS?

Brown Br. at 2.  These issues are subsumed in the stated issues and will be addressed accordingly.

[2] Defendants represented Brown as court-appointed counsel in a civil rights lawsuit filed in the United States District Court for the Eastern District of Pennsylvania.  Brown initiated the instant action after discharging Defendants on the basis that their representation caused Brown substantial harm for which he seeks money damages.

[3] Brown is currently incarcerated at Greene, SCI-Waynesburg.

April 18, 2016. A judgment of non pros was entered after Brown failed to make the necessary arrangements to participate at trial. Brown filed a timely Petition to Open the Non Pros (Petition), which was granted, and trial was rescheduled for October 19, 2016 by video conference. However, because Brown again failed to appear via the arranged video conference, a judgment of non pros was entered. On November 9, 2016, Brown filed the instant Motion. On December 8, 2016, the trial court denied Brown's Motion. Brown appealed to this Court.[4] The trial court filed its opinion on April 6, 2017.[5]

## Jurisdiction

In its opinion, the trial court maintained that this Court is without jurisdiction to hear and decide the instant appeal. *See* Trial Court Op. at 4. Similarly, Defendants object to this Court's jurisdiction. *See* Defendants' Br. at 1. Accordingly, before deciding the merits of the appeal, we will address the jurisdiction issue. *See* Trial Court Op. at 4; Defendants' Br. at 1.

Initially, we recognize that Section 742 of the Judicial Code provides:

> **The [Pennsylvania] Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas**, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the

---

[4] "Our standard of review regarding the denial of a petition to open a judgment of *non pros* is whether the trial court abused its discretion." *Merlini v. Gallitzin Water Auth.,* 980 A.2d 502, 504 (Pa. 2009).

[5] The trial court opined that Brown's appeal was untimely because his Notice of Appeal was filed January 10, 2017 and it had to be filed by January 9, 2017. However, because Brown is incarcerated, the mailbox rule applies. Thus, since Brown's Notice of Appeal was postmarked January 9, 2017, his appeal is timely.

exclusive jurisdiction of the [Pennsylvania] Supreme Court or the [Pennsylvania] Commonwealth Court.[6]

42 Pa.C.S. § 742 (emphasis added). However, Pennsylvania Rule of Appellate Procedure 741(a) provides:

> The failure of an appellee to file an objection to the jurisdiction of an appellate court **on or prior to the last day under these rules for the filing of the record** shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court.

Pa.R.A.P. 741(a) (emphasis added). Pursuant to Pennsylvania Rule of Appellate Procedure 1931(a)(1), "the record on appeal, including the transcript and exhibits necessary for the determination of the appeal, **shall be transmitted to the appellate court within 60 days after the filing of the notice of appeal**." Pa.R.A.P. 1931(a)(1) (emphasis added).

Although in this particular case the record was filed late, "the record was due on March 13, 2017 (60 days after filing the appeal),"[7] Commonwealth Court Overdue Record Letter at 1, Defendants did not file an objection to this Court's jurisdiction on or before that date. Defendants raised their objection for the first time in their brief filed on July 5, 2017. Therefore, in accordance with Pennsylvania Rule of Appellate Procedure 741(a), this Court's appellate jurisdiction was perfected. Accordingly, Defendants waived any objection to jurisdiction.

---

[6] This appeal is not within the exclusive jurisdiction of our Supreme Court, *see* Section 722 of the Judicial Code, 42 Pa.C.S. § 722, or the Commonwealth Court. *See* Section 762(a) of the Judicial Code, 42 Pa.C.S. § 762(a).

[7] The record was filed on April 12, 2017.

4

**Malpractice Claim**

Brown contends that since his COM was proper under Rule 1042.3(a)(3), the judgment of non pros should not have been entered as to his malpractice claim. We disagree.

Initially, Rule 1042.3(a) provides:

> In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a [COM] signed by the attorney or party that either
>
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa.R.C.P. No. 1042.3(a) (Notes omitted). Rule 1042.6 provides, in relevant part:

> (a) Except as provided by subdivision (b), a defendant seeking to enter a judgment of non pros under Rule 1042.7(a) shall file a written notice of intention to file the praecipe and serve it on the party's attorney of record or on the party if unrepresented, no sooner than the thirty-first day after the filing of the complaint.
>
> . . . .
>
> (c) Upon the filing of a notice under subdivision (a) of this rule, **a plaintiff may file a motion seeking a determination by the court as to the necessity of filing a [COM]. The filing of the motion tolls the time period within which a**

5

> **[COM] must be filed until the court rules upon the motion. If it is determined that a [COM] is required, the plaintiff must file the [COM] within twenty days of entry of the court order** on the docket or the original time period, whichever is later.

Pa.R.C.P. No. 1042.6 (Notes omitted; emphasis added).

Here, Brown filed his COM under Rule 1042.3(a)(3) indicating that expert testimony of an appropriate licensed professional is unnecessary for prosecution of his claim. Thereafter, rather than file a notice of intention to file a praecipe for judgment of non pros, Defendants filed a motion to strike the COM and enter a judgment of non pros on the grounds that an expert is indeed necessary to prosecute a legal malpractice claim. Brown answered by filing a response to the motion to strike, rather than a motion seeking the trial court's determination as to the necessity of the filing of the COM. Notwithstanding, the parties' filings put that question before the trial court, which determined that expert testimony was necessary. The trial court gave Brown the required 20 days to file an appropriate COM. Because Brown failed to do so, the judgment of non pros was properly entered on his malpractice claim.

## Motion

> To obtain relief from a judgment of non pros in a [legal] malpractice action, a plaintiff must show: the petition to open the judgment of non pros is timely filed; there is a reasonable explanation or legitimate excuse for the inactivity . . . ; and, there is a meritorious cause of action. **The trial court may only open a judgment of non pros where the plaintiff demonstrates in a satisfactory manner he has a reasonable explanation for the delay that formed the basis of entry of judgment**.

*Reaves v. Knauer,* 979 A.2d 404, 413 (Pa. Cmwlth. 2009) (citation omitted; emphasis added).

6

Brown first argues that the trial court had no legal basis to support its judgment of non pros because there was no valid evidence that Brown refused to attend the proceeding. We disagree.

"The question of granting a non pros due to the failure of the plaintiff to prosecute his action within a reasonable time rests within the discretion of the trial court and will not be disturbed absent an abuse of discretion." *Jacobs v. Halloran,* 710 A.2d 1098, 1101 (Pa. 1998). Here, SCI-Greene's video coordinator Mindy Andreetti (Andreetti) testified at the trial via speaker phone:

> THE COURT: This is Judge Keogh of the [trial court]. I'm assigned to a trial where one of your inmates, [] Brown, is the plaintiff. The [trial c]ourt has been informed that you have information that [] Brown does not wish to participate in this matter?
>
> MS. ANDREETTI: Yeah. I just got a call from F Block, which is where he's being housed, and they said that he is refusing to attend.
>
> THE COURT: I see. Can you tell me who you received that information from?
>
> MS. ANDREETTI: I can find out. They just said that this is F Block calling just to let you know that [] Brown is refusing.
>
> THE COURT: It was certainly a communication from within the facility?
>
> MS. ANDREETTI: Oh, yes.[8]

Supplemental Reproduced Record at 36a. Brown asserts that the above testimony is hearsay and thus should not be considered by this Court. However: "*Res gestae* statements, such as . . . present sense impressions . . . are normally excepted out of the hearsay rule." *Commonwealth v. Murray,* 83 A.3d 137, 157 (Pa. 2013). The statement from F Block that Brown was refusing to participate "w[as] admissible under the

---

[8] Immediately following this exchange, Judge Keogh swore Andreetti in, to ensure the testimony was given under oath.

present sense impression exception to the hearsay rule, as [it was a] contemporaneous verbalization[] of [the facilities' representative] present observation[] of the events occurring before him." *Commonwealth v. Peterkin,* 513 A.2d 373, 380 (Pa. 1986).

> Pennsylvania Rule of Evidence 803 provides in relevant part:
>
> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> **(1) Present Sense Impression.** A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it.
>
> *Comment:* This rule is identical to F[ederal] R[ule] [of] E[vidence] 803(1).
>
> For this exception to apply, declarant need not be excited or otherwise emotionally affected by the event or condition perceived. The trustworthiness of the statement arises from its timing. The requirement of contemporaneousness, or near contemporaneousness, reduces the chance of premeditated prevarication or loss of memory.

Pa.R.E. 803(1). This Court has explained:

> A present sense impression is not excluded under the hearsay rule because there is implicit reliability in a statement made 'without time for retrospective deliberation.' *Municipality of Bethel Park v. Workmen's Comp[.] Appeal [Bd.] (Willman),* . . . 636 A.2d 1254, 1258 ([Pa. Cmwlth.] 1994). Further, [Rule] 803(1) specifically provides that this exception applies, 'even though the declarant is available as a witness.'

*Bell Beverage v. Unemployment Comp. Bd. of Review,* 49 A.3d 49, 53 (Pa. Cmwlth. 2012).

Consequently, the above testimony is record evidence to support the trial court's conclusion that Brown refused to participate in the proceedings on October 19, 2016. Given that Brown also did not appear at the first scheduled trial on April 18, 2016 after his request for a continuance prior thereto was denied, and that the trial court had already entered and removed a non pros when Brown failed to make the necessary

arrangements to participate at the first trial, we find no basis upon which to conclude that the trial court abused its discretion in granting the current judgment of non pros for Brown's failure to prosecute his action.

Brown next contends that he satisfied the elements required to open/strike the judgment of non pros. We disagree. "[I]n order to remove a judgment of non pros, three elements must be met: (1) a petition to open must be promptly filed; (2) the delay must be reasonably explained; and (3) facts must be shown to exist which support a cause of action." *Jacobs,* 710 A.2d at 1100 n.4; *see also* Rule 3051.

This Court acknowledges that by filing his Motion on November 9, 2016, Brown has met the first requirement to open/strike the judgment of non pros. With respect to the second element, Brown's entire argument is as follows:

> [Brown] provided more than sufficient justification for his failure to attend the trial,[9] which the trial court has yet to provide any reasons for rejecting; and it chose to rely on the same invalid evidence relied upon to base the judgment of non pros in the first place: which further supports the fact that the trial court['s] mind was made up before [Brown] even filed his [M]otion, clearly reflecting an abuse of discretion.

Brown Br. at 8. Beyond his uncorroborated, unsworn statement, Brown presented no evidence to establish that he was prevented from participating at the trial. Brown offered no explanation as to who refused to take him to the video conference, or whom he contacted to assure he would in fact be attending the same. Indeed, Brown did not provide any reason for why the prison officials would refuse to take him to the video conference or his reaction, if any, thereto or what steps he took thereafter. Accordingly, this Court has no basis upon which to conclude that such an event occurred. Relative to the third element, Brown states: "The fact that the case was at trial supports the third

---

[9] With the exception of the sentence included in his Statement of the Case, *i.e.*, "[Brown] was ready for trial but was never taken to the video conference room by prison officials[,]" Brown Br. at 3, contrary to his representation, Brown makes no mention of his "sufficient justification" anywhere in his brief. Brown Br. at 8.

element." Brown Br. at 7. Clearly, these "argument[s are] so undeveloped that [they are] the functional equivalent of no argument at all. Therefore, the issue must be deemed waived in this Court." *Commonwealth v. D'Amato,* 856 A.2d 806, 814 (Pa. 2004).

Further, and more importantly, since the trial court's case management order specified that any witnesses not identified prior to trial would be precluded from testifying and, as of the trial date, Brown had not provided an expert to meet his burden of proving that Defendants breached their duty of care on his contract claim[10] or a medical expert to meet his burden of proving his emotional distress claim,[11] he could not meet the third requirement of a meritorious cause of action.[12] "A party seeking to open a judgment of *non pros* must show that [his] petition to open satisfied the material elements of [Rule] 3051(c). The test requires the movant to establish all three prongs." *Intech Metals, Inc. v. Meyer, Wagner & Jacobs,* 153 A.3d 406, 411 (Pa. Super. 2016) (citation omitted). "One of the required elements of a [Rule] 3051 petition is that facts must be shown to exist which support a meritorious cause of action." *Id.* (quoting *Stephens v. Messick*, 799 A.2d 793, 800 (Pa. Super. 2002)). Because Brown could not establish the third prong of the test, the trial court properly denied his Petition.

Lastly, Brown asserts that the trial court violated his due process rights by ruling on the Motion without a hearing because Rule 211 permits any interested party to request oral argument on a motion. However, Rule 211 states in its entirety: "Any interested party may request oral argument on a motion. The court may require oral

---

[10] *See 412 N. Front St. Assocs., LP v. Spector Gadon & Rosen, P.C.,* 151 A.3d 646, 661 (Pa. Super. 2016) ("the standard of care applicable to a given profession must be determined from the testimony of experts, unless the conduct involved is within the common knowledge of the ordinary layperson.").

[11] *See Kazatsky v. King David Mem'l Park, Inc.,* 527 A.2d 988, 995 (Pa. 1987) (The "existence of [] alleged emotional distress must be supported by competent medical evidence.").

[12] With respect to Brown's increased risk of harm claim, no such claim is recognized in a legal malpractice action. *See Myers v. Seigle,* 751 A.2d 1182 (Pa. Super. 2000).

argument, whether or not requested by a party. **The court may dispose of any motion without oral argument**." Pa.R.C.P. No. 211 (emphasis added). Moreover, the explanatory comment to Rule 211 provides:

> Current Rule 211, if read literally, confers on a party the right to argue any motion before the trial court. However, the Superior Court and the Commonwealth Court have both held that **any right to oral argument conferred by Rule 211 is only a qualified right subject to judicial discretion**. *See Gerace v. Holmes Prot*[.] *of Phila*[.], 516 A.2d 354 (Pa. Super. 1986); *City of Phila*[.] *v. Kenny*, 369 A.2d 1343 (Pa. Cmwlth. 1977). To remedy any confusion between the text of the rule and actual practice supported by appellate precedent, Rule 211 has been amended to provide that a party has the right to request oral argument, and gives discretion to the trial court to require oral argument, whether requested or not, or to dispose of any motion without oral argument.

Pa.R.C.P. No. 211 Explanatory Comment (emphasis added). Thus, Brown's argument is without merit.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

Judge Cosgrove did not participate in the decision in this case.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                             :
                        Appellant           :
                                            :
            v.                              :
                                            :
Dugan, Brinkmann, Maginnis and             :    No. 37 C.D. 2017
Pace, and John D. Brinkmann                :


# O R D E R

AND NOW, this 15th day of December, 2017, the Philadelphia County Common Pleas Court's December 8, 2016 order is affirmed.


_____

ANNE E. COVEY, Judge